**Nancy A. HOLLINS,
Petitioner/Respondent,**

v.

**Samuel D. HOLLINS,
Respondent/Appellant.**

No. ED 75841.

Missouri Court of Appeals,
Eastern District,
Division One.

March 7, 2000.

Deborah J. Tomich, Jane E. Tomich, St. Charles, for appellant.

Charles E. Bridges, Bridges & Seibel, P.C., St. Charles, for respondent.

PAUL J. SIMON, Judge.

Samuel Hollins, father, appeals from judgment modifying joint legal and physical custody of his minor child, Samuel David Hollins, to primary custody in favor of mother Nancy Hollins.

On appeal, father contends the trial court erred in: (1) modifying joint custody to primary custody in favor of Nancy Hollins, mother; (2) failing to make findings of fact regarding the best interests of child; (3) not entering a parenting plan; (4) ordering father to pay all of mother's attorney's fees. We affirm in part and remand in part.

In review of judge-tried cases, we will affirm the trial court's judgment if it is supported by substantial evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The record reveals that the marriage of mother and father was dissolved on July 26, 1994, when child was five years old. The decree of dissolution awarded joint legal and physical custody of child to mother and father, giving primary physical custody to mother. The visitation schedule provided for near equal time with each parent, providing that father should have up to a maximum of fifteen days of physical custody a month. The regular visitation schedule was not provided for in the decree, rather the parties were to confer on the schedule each month based on father's work schedule. However, a holiday visitation schedule was specifically provided for in the decree. The decree also provided that father was to pay child support and provide health insurance.

In February 1996, the trial court modified the decree, retaining the parties' joint and legal custody of child and mother's primary physical custody. It provided father with custody on alternate weekends and one night during the week. In March 1996, the decree was again modified, maintaining the alternate weekend and one week night physical custody of father but allowing some flexibility on father's visitation due to his work schedule.

On June 19, 1996, the trial court again modified the decree, based on a Stipulation of Modification and Contempt executed by the parties on May 29, 1996. Pursuant to the modification, the parties again continued to share joint physical and legal custody with mother acting as primary physical custodian. Father's custody schedule was revised to allow him to have child two weekends per month and every Tuesday from 8:00 a.m. to Thursday 8:00 a.m. In the event that Father's work schedule would not permit him to take child during these periods, the parties were to negotiate "in good faith" a visitation schedule.

In May 1998, the parties were again unable to agree on custody and mother advised father that she was going to file another motion to modify if father continued to deny her periods of custody with child. Father then took mother's periods of custody on May 4 and 7 and filed a motion to modify on May 7, alleging a change in circumstances since the last modification in that mother failed to recognize that strict compliance with the custo-

dy schedule would be impossible, mother has refused to cooperate with father to allow him to exercise temporary custody, and interfered with those visits. As a result, father requested an award of primary physical custody of child, or in the alternative custody for alternating weeks.

Thereafter, mother filed a cross-motion to modify, seeking primary custody of child, alleging that father has disregarded the decree and modifications in relation to the custody schedule including picking up the child from day care, which he is prohibited from doing by an earlier modification, and using such to take mother's periods of custody.

In December 1998, the trial court entered its judgment for modification, finding that father was "a control freak" and had not abided by the June 1996 modification, as he had continued to accumulate days despite the modification's prohibition. Father had taken child on "numerous occasions" absent an agreement of the parties and picked the child up from daycare in violation of earlier modifications on numerous occasions, depriving mother of her periods of custody. Despite father's contention that mother was uncooperative in providing alternate visitation, as was necessary to accommodate his schedule as a low seniority commercial airline pilot, the trial court found that mother had on numerous occasions acquiesced to father's demands. The parties did not consult each other on parental care, medical care, school activities, and other issues, as they spent most of their time arguing over father's periods of custody. They communicated primarily by fax. The trial court noted that an award of joint custody presupposes "a commonality of beliefs and a certain ability to communicate with one another on issues involving the upbringing of their child." It further found that "the parties' inability to communicate in a mature and nonconfrontational manner make it inadvisable to continue the current joint physical and legal custody arrangement" and awarded mother primary care, custo-

dy and control of child. The trial court awarded father temporary custody on alternate weekends, Tuesday at 8:00 a.m. to Thursday at 8:00 a.m., alternating holidays and six weeks during the summer (four weeks more than the original decree and previous modifications). Finally, it provided that mother would confer with father in the exercise of her primary decision rights, responsibilities and authority.

In his first point on appeal, father contends that the trial court erred in modifying joint custody to primary custody. He argues that once custody is adjudicated, the presumption is that the custody as originally decreed remains suitable and there was no evidence that joint custody was not suitable.

We will not reverse the trial court's modification unless father demonstrates that it was not in the best interest of the child. *A.J.K. by R.K. v. J.L.*, 980 S.W.2d 81, 84 (Mo.App. E.D.1998). There is no preference for joint custody unless, in the given circumstances, it is in the best interests of the child. *McCauley v. Schenkel*, 977 S.W.2d 45, 50–51 (Mo.App. E.D.1998). In a joint custody situation, breakdown of parental communication and cooperation is sufficient, in and of itself, to constitute a change in circumstances, which may afford the basis for modifying a prior decree. *Id.* Where the parties are unable to communicate or cooperate and cannot make shared decisions regarding the welfare of their child, joint custody is improper. *Id.*

Here, there is sufficient evidence to support the trial court's modification. The parties agree that they are unable to cooperate as to father's temporary custody. They communicated primarily by fax and failed to communicate about many issues, including day care, dental care and school meetings. Father took the child on numerous occasions absent an agreement with mother and violated prior modifications by picking up child from day care and accumulating days of custody. Joint

custody was no longer feasible as the parties were not communicating in a mature manner on issues related to the child's care and thus was no longer in the best interests of child. Point denied.

■ In his second point, father contends that the trial court erred in failing to make any findings regarding the best interests of the child as to custody as is required by Section 452.375.2 RSMo.1999 Cum.Supp. (all further references herein shall be to RSMo 1999 Cum.Supp. unless otherwise noted). We must presume the trial court awarded custody in the best interests of child, because of the trial court's better position to judge the credibility of the witnesses as well as their sincerity, character, and other trial intangibles which might not be completely revealed by the record. *Sinopole v. Sinopole,* 871 S.W.2d 46, 48 (Mo. App. E.D.1993). Further, the record indicates that the trial court considered the factors as required by section 452.375.2 in determining custody. Point denied.

In his third point, father contends that the trial court erred in failing to enter a parenting plan. Section 452.310.7 provides that the parties shall file a proposed parenting plan within thirty days after service of a motion to modify setting forth the arrangements that the party believes to be in the best interest of the minor children. The plan shall set forth the arrangements that the party believes to be in the best interest of the minor children and shall include, but not be limited to, the list of items enumerated in the statute. Further, section 452.375.9 provides, in pertinent part:

> Any judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310. Such plan may be a parenting plan submitted by the parties pursuant to section 452.310 or, in the absence thereof, a plan determined by the court, but in all cases, the custody plan approved and ordered by the court shall be in the court's dis-

cretion and shall be in the best interest of the child.

On December 22, 1998, our Supreme Court approved a form which the parties may, but are not required to, use in preparing a parenting plan and is helpful in ensuring that all elements of the statute have been addressed.

Here, section 452.310.7, requiring the parties to file parenting plan, and section 452.375.9 requiring such a plan to be part of a judgment for child custody, were effective in August 1998, which was after both parties had filed their motions for modification, but' prior to the trial court entering its judgment. Sometime prior to judgment, the parties submitted parenting plans. We do not find father's plan in the record and mother's does not fully comply with the requirements of section 452.310.7.

■ In its judgment for modification, the trial court did not adopt either plan, rather it made extensive findings of fact and conclusions of law, which addressed most, but not all, of the issues required by section 452.310.7. Specifically, the judgment failed to provide for: (1) a plan for sharing transportation duties associated with the residential schedule, as required under section 452.310.7(1)(f); (2) appropriate times for telephone access, required by section 452.310.7(1)(g); (3) suggested procedures for notifying the other party when a party requests a temporary variation from the residential schedule, required by section 452.310.7(1)(h); (4) educational decisions and methods of communicating information from the school to both parties, required by section 452.310.7(2)(a); (5) medical, dental and health care decisions including how health care providers will be selected and a method of communicating medical conditions of the child and how emergency care will be handled, required by section 452.310.7(2)(b); (6) extracurricular activities, including a method for determining which activities the child will participate in when those activities involve time during which each party is the custodian, required by section 452.310.7(2)(c); and (7) a dispute resolution procedure for

those matters on which the parties disagree or in interpreting the parenting plan, required by section 452.310.7(2)(f). While mother claims that father's attorney argued, at the motion for rehearing, that the trial court no longer had authority to address issues not addressed in the judgment, thus waiving the issue, we do not find a transcript of the motion for rehearing proceeding as part of the record on appeal and therefore we do not address the issue. We remand to the trial court for further proceedings consistent with the requirements of section 452.310.7.

 In his final point on appeal, father contends that the trial court erred in ordering father to pay all of mother's attorney's fees, as mother had income to pay some of those fees. Section 452.355 provides that the trial court may order a party to pay reasonable attorney fees after considering all relevant factors including the financial resources of both parties, the merits of the case, and the actions of the parties during the pendency of the action. Absent a manifest abuse of that discretion, such an award will not be overturned. *McDaniel v. McDaniel*, 982 S.W.2d 729, 732 (Mo.App. E.D.1998).

Here, the evidence indicates that father's income was significantly higher than mother's, i.e., his gross monthly income was $12,850.00 and hers $2059.00. Additionally, father took the child absent agreement of the parties and violated the earlier decree and modifications by picking up the child from day care and depriving mother of her periods of custody, thus provoking litigation between the parties. The attorney's fee award in favor of mother was not an abuse of the trial court's discretion. Point denied.

JUDGMENT AFFIRMED IN PART AND REMANDED IN PART.

GARY M. GAERTNER, P.J. and JAMES R. DOWD, J., concur.