Angela L. BRANDOW, Respondent,

v.

Brian L. BRANDOW, Appellant.

No. WD 57156.

Missouri Court of Appeals,
Western District.

May 30, 2000.

Clifford A. Falzone, Moberly, for respondent.

Jean E. Goldstein, Columbia, for appellant.

Before: EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

Brian L. Brandow appeals from the trial court's judgment and decree of dissolution of marriage. Appellant raises two points on appeal. First, he contends that the trial court erred in awarding Respondent retroactive child support from the date of separation, because § 452.340 RSMo [1] provides that retroactive child support may be ordered to the date of filing the petition, not the date of separation. Second, he contends that the trial court erred in awarding Respondent physical custody of

---

1. All statutory references are to RSMo Cum. Supp.1999.

the children because its ruling was against the weight of the evidence and it misapplied the law as set out in § 452.375 in that it did not 1) adopt either party's parenting plan; 2) list the factors it used to determine custody after first considering joint legal and physical custody; and 3) enter a parenting plan as required by § 452.310.7.

We affirm in part, and reverse in part and remand.

### Facts

Brian L. Brandow and Angela L. Brandow were married on September 2, 1989. They have two children: Andrews, born April 24, 1990, and Joseph, born November 20, 1991. The parties separated on or about April 12, 1998. Respondent filed her petition for dissolution of marriage on September 25, 1998. She sought, among other things, legal and physical custody of the children and child support retroactive to the date of separation.

Following trial, the trial court awarded the parties joint legal custody of the children, with primary physical custody to Respondent, subject to Appellant's right of reasonable visitation and temporary custody as provided in the order and judgment. The court ordered the following: 1) Appellant would have visitation with the children the first and third weekends of each month; 2) the parent who does not have visitation with or custody of the children on their birthdays will have four hours of visitation with the children on their birthdays; 3) Appellant will have custody of the children for five weeks in the summer, half of spring break vacation, alternate school holidays except Christmas, and one week at Christmas; and 4) the children will have the right to contact either parent by telephone at reasonable times and with reasonable frequency. The trial court further ordered Appellant to pay child support in the amount of $425 per month, retroactive to April 12, 1998. This appeal followed.

### Point I

The first point on appeal is that the trial court erred in awarding Respondent retroactive child support from the date of separation, because § 452.340 provides that retroactive child support may be ordered to the date of filing the petition, not the date of separation.

■ The trial court has considerable discretion in making child support awards retroactive, and its judgment will not be reversed absent an abuse of its discretion. *Homfeld v. Homfeld*, 954 S.W.2d 617, 623 (Mo.App. W.D.1997).

Section 452.340.1 provides, in relevant part, that "[i]n a proceeding for dissolution of marriage, legal separation or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for the support of the child, including an award retroactive to the date of filing the petition. . . ."

■ The parties separated on April 12, 1998. Respondent filed her dissolution petition on September 25, 1998. The trial court awarded Respondent child support retroactive to April 12, 1998, the date of separation. The plain language of § 452.340.1 provides that the court may grant retroactive child support to the date of filing the petition, not to the date of separation. Therefore, the trial court erred in awarding child support retroactive to April 12, 1998. Point I is granted.

### Point II

The second point on appeal is that the trial court erred in awarding Respondent physical custody of the children because its ruling was against the weight of the evidence and it misapplied the law as set out in § 452.375 in that it did not 1) adopt either party's parenting plan; 2) list the factors it used to determine custody after first considering joint legal and physical custody; and 3) enter a parenting plan as required by § 452.310.7.

■ "We will sustain the court's judgment on custody unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously

declares or applies the law." *Graves v. Graves,* 967 S.W.2d 632, 640 (Mo.App. W.D.1998). The trial court's determination in child custody proceedings is given greater deference than in any other type of case. *Burkhart v. Burkhart,* 876 S.W.2d 675, 678 (Mo.App. W.D.1994). We will not disturb the trial court's judgment unless we are firmly convinced that the welfare of the child requires some other disposition, *id.,* or unless it is clearly against the logic of the circumstances or is arbitrary or unreasonable. *Graves,* 967 S.W.2d at 640. We review the evidence in the light most favorable to the trial court's decision. *Id.*

Section 452.375.9 provides as follows:

Any judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310. Such plan may be a parenting plan submitted by the parties pursuant to section 452.310 or, in the absence thereof, a plan determined by the court, but in all cases, the custody plan approved and ordered by the court shall be in the court's discretion and shall be in the best interest of the child.

Section 452.310.7(1) sets forth the arrangements that must be covered in every parenting plan detailing custody, visitation, and residential time. Section 452.310.7(2) sets forth the specific factors which must be included in detailing how the decision-making responsibilities will be shared.

Appellant contends that the trial court's custody order does not comply with § 452.375.9 because it does not state which party is to have which holiday, and it does not include school holidays, Mother's Day or Father's Day, the places for transfer, the time for holidays, a plan for sharing transportation duties, a plan for proce-

dures for notifying the other party of needed changes in the schedule as required by § 452.310.7(1), or anything about how the joint legal custody is to work, as required by § 452.310.7(2).

When construing a statute, we ascertain the intent of the legislature from the language used and give effect to that intent, if possible, and consider the words used in their plain and ordinary meaning. *Butler v. Mitchell–Hugeback, Inc.,* 895 S.W.2d 15, 19 (Mo. banc 1995). According to the plain language of § 452.375.9, the trial court's judgment was required to include "a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310." The trial court's judgment does not include all the terms set forth in § 452.310.7.[2] Therefore, the trial court's judgment is not in compliance with §§ 452.375.9 and 452.310.7.[3]

Appellant next argues that the trial court did not comply with § 452.375.6. Section 452.375.6 provides as follows:

If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child. If a proposed custodial arrangement is rejected by the court, the court shall include a written finding in the judgment or order detailing the specific relevant factors resulting in the rejection of such arrangement.

According to the plain language of the statute, when the parties have not agreed

---

2. The Eastern District of this court has addressed the same issue. *Hollins v. Hollins,* 13 S.W.3d 669 (Mo.App. E.D.2000). There the trial court addressed most but not all of the statutory elements of a parenting plan. *Id.* at 673. The judgment was remanded to correct those deficiencies. *Id.* at 674.

3. The Supreme Court has adopted a model parenting plan for use in these cases if desired. The plan may be viewed on the Missouri Courts Information Center, Juvenile and Adult Court Programs, Supreme Court Rules and Administrative Directives.

to a custodial arrangement, the court is required to include in its judgment a written finding based on the public policy in § 452.375.4 and the factors listed in § 452.375.2(1) to (8), detailing the specific relevant factors that made the chosen arrangement in the best interest of the child. Furthermore, the statute requires that if a proposed custodial arrangement is rejected by the court, the court shall include a written finding in the judgment detailing the specific relevant factors resulting in the rejection of the arrangement.

■ In the present case, both parties submitted separate parenting plans. Appellant's plan provided for joint legal and physical custody of the children. Respondent's plan provided for joint legal custody, with primary physical custody to her. The court awarded the parties joint legal custody of the children, with primary physical custody to Respondent. However, the court established a different visitation and temporary custody schedule than the one Respondent proposed in her parenting plan. Under the circumstances of this case, the trial court was required to make a written finding detailing the specific relevant factors that made its custody arrangement in the best interest of the children. It was also required to make a written finding detailing the specific relevant factors resulting in the rejection of the parties' proposed custody arrangements. Because the trial court made neither of these findings, its judgment is not in compliance with § 452.375.6.

■ Appellant further argues that the trial court did not comply with §§ 452.375.4 and 452.375.5. Apparently this is Appellant's argument that the trial court's judgment is against the weight of

the evidence. "On appeal, it is presumed that the trial court reviewed all the evidence and awarded custody in light of the best interest of the child." *Burkhart,* 876 S.W.2d at 678. An appellate court should exercise the power to set aside a custody decree or judgment on the basis that it is against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong. *In re Marriage of Campbell,* 868 S.W.2d 148, 153 (Mo.App. S.D.1993).

Section 452.375.4 provides as follows:
The general assembly finds and declares that it is the public policy of this state that frequent, continuing and meaningful contact with both parents after the parents have separated or dissolved their marriage is in the best interest of the child, except for cases where the court specifically finds that such contact is not in the best interest of the child, and that it is the public policy of this state to encourage parents to participate in decisions affecting the health, education and welfare of their children, and to resolve disputes involving their children amicably through alternative dispute resolution. In order to effectuate these policies, the court shall determine the custody arrangement which will best assure both parents participate in such decisions and have frequent, continuing and meaningful contact with their children so long as it is in the best interests of the child.

Section 452.375.5 provides that prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider joint physical and joint legal custody. Appellant argues that the factors for determining custody set forth in § 452.375.2 [4] support an award of joint

---

**4.** Section 452.375.2 provides that in making a custody determination, the court shall consider all relevant factors, including:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their

functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

custody in this case, and that Respondent has clearly shown that she is not willing to allow the children "frequent, continuing and meaningful contact" with him.

■■■ The trial court is required to consider joint custody as the first option, even if it is opposed by one parent. *Burkhart*, 876 S.W.2d at 679. However, § 452.375.5 does not require the court to make a written finding explaining its decision not to award joint custody. We find that the factors set forth in § 452.375.2 support the trial court's custody decision. The trial court's custody arrangement allows for frequent, continuing and meaningful contact with Appellant. While the children will spend less time with Appellant than with Respondent, the testimony at trial supports a finding that the children would benefit from the stability provided by having a primary residence where they are able to stay for the majority of the time, especially during the school year. In addition, Respondent indicated at trial that she was willing to allow Appellant to have frequent and meaningful contact with the children. Because we do not have a firm belief that the trial court's custody order is wrong, we affirm it. Point II is denied in part and granted in part.

The judgment of the trial court is affirmed with respect to the custody determination, and reversed and remanded with respect to the retroactive child support order, with instructions to 1) enter an order for child support retroactive to September 25, 1998; 2) make written findings in compliance with §§ 452.375.6 and 452.375.9; and 3) make a complete parenting plan as required by § 452.310.7. The trial court's judgment is affirmed in all other respects.

EDWIN H. SMITH, P.J., and HOLLIGER, J., concur.

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian.