June SLEATER, Respondent/Cross–Appellant,

v.

William SLEATER, Appellant/Cross–Respondent.

No. ED 77541.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 27, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 5, 2001.

Application to Transfer Denied
May 29, 2001.

Bruce F. Hilton, Kirkwood, MO, for appellant.

Jody H. Wolff, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

William Sleater ("husband") appeals from the trial court's judgment and decree of dissolution of marriage, claiming the trial court erred in its award of maintenance, child support, property division, and attorney's fees. June Sleater ("wife") cross-appeals, asserting the court erred in its division of marital property, failure to award retroactive child support and maintenance, ordering wife to contribute financially to her children's educational and medical needs, and division of tax dependency exemptions and tax refunds. Hus-

band also appeals the trial court's grant of wife's attorney's fees on appeal. We affirm in part and reverse and remand in part.

The marriage of husband and wife was dissolved on November 22, 1999. Although neither party requested that the court file findings of fact and conclusions of law, the court included such findings and conclusions in its judgment. The parties have three children who were ages 18, 16, and 12 at the time of trial. The trial court awarded wife $400.00 per month for maintenance. In addition, the court prepared its own Form 14 and awarded wife child support in the amounts of $950.00 for three children, $822.00 for two children, and $532.00 for one child.

Husband filed a motion for new trial or in the alternative, to amend judgment or hear additional evidence, claiming he was fired from his job due to company restructuring. Wife also filed a motion for new trial, or to amend or alter judgment. On February 15, 2000, the trial court, pursuant to the post-trial motions, amended the child support to $677.00 for three children, $575.00 for two children, and $391.00 for one child and changed the valuation date of the Charles Schwab account to the date of dissolution.

Husband and wife both appealed. Thereafter, wife filed a motion for her attorney's fees on appeal and on March 28, 2000, the trial court granted wife's motion and ordered husband to pay $2,750.00 on wife's attorney's fees. Husband timely appealed. The three appeals were consolidated.

■■■ Husband raises numerous claims of error in nine points and sub-points on appeal.[1] Two of husband's claims of error require remand. Husband claims in his second point relied on that the trial court erred in failing to state whether the maintenance was a modifiable order.[2] Wife concedes error. Section 452.335.3 RSMo 1994 [3] provides that the "maintenance order shall state if it is modifiable or non-modifiable." The trial court entering the judgment and decree of dissolution is required to indicate whether the order for maintenance is subject to future modification. *Whitworth v. Whitworth,* 878 S.W.2d 479, 485 (Mo.App.1994). "Reversible error results when a judgment awarding maintenance does not designate the award as either modifiable or non-modifiable." *Goo-*

---

1. Husband filed a motion to strike two affidavits contained in the appendix of wife's brief and the portions of her brief that refer to such affidavits. The first affidavit purports to be from wife and the second affidavit from her attorney. Both contain facts not in evidence and both were never filed with the trial court. Wife concedes that these affidavits "are admittedly not a part of the record on appeal." We consider only the record made in the trial court. *Olson v. Christian County,* 952 S.W.2d 736, 738 (Mo.App.1997). Presentment of evidence, extraneous to the record, should not be considered on appeal. *First Nat'l Bank of Carrollton v. McClure,* 666 S.W.2d 434, 436 (Mo.App.1983). Therefore, since these affidavits are not part of the record on appeal, husband's motion to strike is granted. In addition, wife filed a counter motion to strike part of husband's appendix in his reply brief.

Specifically, wife claims that document A1, a check from husband made out to wife in the amount of $521.98, is not in evidence and must not be considered on appeal. We find that this evidence was not before the trial court. For the same reasons as stated above, wife's motion is granted and document A1 is struck from the record on appeal.

2. Husband asserts this claim of error in his second point relied on, but his argument of this claim follows his fourth point. This violates Rule 84.04(e) which requires that the argument substantially follow the "Points Relied On." We review husband's claim *ex gratia.*

3. All future statutory references are to RSMo 1994 unless otherwise indicated.

*din v. Goodin,* 5 S.W.3d 213, 219 (Mo.App. 1999). Here the trial court failed to make such designation.

■ In his ninth point, husband asserts the trial court erred in ordering a different physical custody arrangement than the one the parties had originally agreed to. The parties' pre-dissolution agreement stated that they would share joint legal and physical custody of their three children. If the parties could not agree as to physical custody of the youngest child, then the parties would alternate physical custody of the child every two days during the workweek, every other weekend during the school year, and four weeks each during the summer. The parties asked the court to incorporate their custody agreement into the dissolution decree. The trial court did award joint legal and physical custody to husband and wife. However, it did not include the parties' agreement in the decree. Instead, the trial court's judgment granted wife the primary physical custody of the children, with husband to have custody one night each week, alternating weekends, and six weeks during the summer, divided into three 14 consecutive day periods.

The statute vests the trial court with discretion to order a child custody plan in accordance with the best interests of the child. Section 452.375.2 and section 452.375.9. "The trial court has broad discretion in making provision for child custody and we will not interfere with the trial court's decree unless the welfare of the children compels such interference." *Schwartzkopf v. Schwartzkopf,* 9 S.W.3d 17, 21 (Mo.App.1999). Parent's wishes as to children's custody, though relevant, are not binding on the trial court. *In re Marriage of Chorum,* 959 S.W.2d 900, 903 (Mo. App.1997). Agreements between parents that concern minor children are merely advisory. *Id.* Here, the trial court did

have authority to order a different parenting plan.

■ However, husband additionally claims that the trial court did not comply with section 452.375.6 RSMo (Supp.1999) when it rejected the parties' parenting plan and created its own. Section 452.375.6 RSMo (Supp.1999) provides:

> If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subsections (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child. If a proposed custodial arrangement is rejected by the court, the court shall include a written finding in the judgment or order detailing the specific relevant factors resulting in the rejection of such arrangement.

According to the plain language of the statute, if the proposed custody arrangement is rejected by the trial court, it is then required to include a written finding in its judgment detailing the specific relevant factors that made its custody arrangement in the best interest of the children and that resulted in the rejection of the arrangement. Section 452.375.6 RSMo (Supp.1999); *Brandow v. Brandow,* 18 S.W.3d 584, 588 (Mo.App.2000).

As stated above, the parties jointly submitted a parenting plan, but the court apparently rejected it and attached its own to the judgment. The trial court was then required to make written findings detailing the specific relevant factors (1) making its plan in the best interest of the children, and; (2) resulting in the rejections of the parties' proposed agreement pursuant to section 452.375.6 RSMo (Supp.1999). The

trial court made no such findings; therefore, the trial court's judgment does not comply with section 452.375.6 RSMo (Supp.1999). Compliance with the statutorily required findings would facilitate appellate review. Because of the lack of such findings, we do not reach the issue of whether the trial court abused its discretion in ordering its own parenting plan.

Husband and wife each assert a number of additional claims of error by the trial court. We have reviewed the briefs of the parties and the record on appeal, and find no error of law. No jurisprudential purpose would be served by a written opinion as to the parties' other claims. Rule 84.16(b). However, the parties have been furnished with a memorandum for their information only, setting forth the facts and reasons for our decision on these other claims.

The judgment of the trial court is reversed and remanded in part with instructions to (1) conform the decree to section 452.335.3 and indicate whether the maintenance award is subject to future modification; and (2) make written findings in compliance with section 452.375.6 RSMo (Supp.1999). The judgment of the trial court is affirmed in all other respects.

CRANDALL, and JAMES R. DOWD, JJ., concurs.