**Keith Albert GROSS,**
**Petitioner/Respondent/Cross–Appellant,**

v.

**Carla J. HELM,**
**Respondent/Appellant/Cross–**
**Respondent.**

**Nos. ED 80651, ED 80704.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Jan. 28, 2003.

Michael L. Jackson, Jackson, MO, for appellant.

Carl D. Kinsky, Ste. Genevieve, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

Carla Helm, Mother, appeals the trial court's judgment granting Keith Gross, Father, primary custody of the parties' minor children.[1] Mother argues that the trial court erred in modifying the joint

---

1. Father filed a notice of cross-appeal, and the appeals were consolidated under ED80651. Although Father filed a notice of cross-appeal, he raised no claim of error as to the trial court's judgment. Thus, his appeal is deemed abandoned. Father's cross-appeal (ED80704) is dismissed. Rule 84.04(j); *Henderson v. Smith*, 643 S.W.2d 882, 883 (Mo.App. E.D.1982); *Cherry Manor, Inc. v. American Health Care, Inc.*, 797 S.W.2d 817, 823 (Mo.App. S.D.1990).

custody arrangement because the court erroneously applied the law in: (1)failing to follow the statutory directive of Section 452.375.6 RSMo.2000,[2] regarding the entry of written findings; and (2) failing to include a specific written parenting plan in its judgment, as required by Section 452.375.9. We reverse and remand.

### Factual Background

This case involves a modification of child custody for the two children born of the marriage of Mother and Father. The children are both boys, now ages 14 and 8. According to the terms of the original judgment and dissolution decree, entered in September of 1998, Mother and Father were awarded joint legal and physical custody of the two boys. Both Mother and Father continued to live in the Perryville, Missouri area following the dissolution, with physical custody of the boys alternating on a week-by-week basis. This arrangement continued until March of 2001, when Mother and her new husband moved to Florida. Father and the two boys remained in Perryville. Father and Mother each filed motions for modification of the joint physical custody arrangement, each seeking primary physical custody of the boys. Following a hearing, the court granted Father primary physical custody of the two boys; Mother was granted reasonable and seasonable visitation. Mother now appeals.

### Discussion

■ In this court-tried case, we shall not disturb the ruling of trial court regarding child custody and visitation unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Stowe v. Spence*, 41 S.W.3d 468, 469 (Mo. banc 2001).

■ In her first point, Mother argues that the trial court erroneously applied the law in failing to follow the statutory directive of Section 452.375.6 by failing to include the required written findings in its judgment.

■ Section 452.375.6 provides, in pertinent part:

> If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child.

Or, as explained in *Brandow*, "[a]ccording to the plain language of the statute, when the parties have not agreed to a custodial arrangement, the court is required to include in its judgment a written finding based on the public policy in § 452.375.4 and the factors listed in § 452.375.2(1) to (8), detailing the specific relevant factors that made the chosen arrangement in the best interest of the child." *Brandow v. Brandow*, 18 S.W.3d 584, 587–8 (Mo.App. W.D.2000).[3]

---

2. All further statutory references are to RSMo.2000, unless otherwise indicated.

3. Section 452.375.4 states as follows:

The general assembly finds and declares that it is the public policy of this state that frequent, continuing and meaningful contact with both parents after the parents have separated or dissolved their marriage is in the best interest of the child, except for cases where the court specifically finds that such contact is not in the best interest of the child, and that

In the present case, the record reflects that Mother and Father had not agreed on a custody arrangement for their children. Pursuant to the language of the statute, under these circumstances, the trial court was required to include a written finding, in its judgment, detailing the specific relevant factors that made its custody arrangement in the best interest of the children. The court, however, did not include this required written finding. The court's judgment only states that there:

> ... has been a change of circumstances that are continuous and substantial in relation to custody of the minor children and requires a modification of the [judgment and decree of dissolution of marriage], and that it would be in the best interest of the minor children that [Father] be granted primary physical custody of the minor children, with reasonable and seasonable visitation with [Mother].

The court's judgment did not include a written finding based on the public policy set forth in § 452.375.4 and each of the factors listed in § 452.375.2(1) to (8), detailing the specific relevant factors that made the court's chosen arrangement in the best interest of the children. Because the trial court did not include this required written finding, its judgment is not in compliance with § 452.375.6. *See Brandow*, 18 S.W.3d at 588. Accordingly, we must reverse and remand with instructions for the court to make the required written findings in compliance with § 452.375.6. *See also Haden v. Riou*, 37 S.W.3d 854, 866–7 (Mo.App. W.D.2001); *Bauer v. Bauer*, 38 S.W.3d 449, 456 (Mo.App. W.D.2001).

■ We also address Mother's second allegation of error. She claims that the trial court erroneously applied the law in not including a specific written parenting plan in its judgment, as required by Section 452.375.9.

Section 452.375.9 provides:

Any judgment providing for custody shall include a specific written parenting

---

it is the public policy of this state to encourage parents to participate in decisions affecting the health, education and welfare of their children, and to resolve disputes involving their children amicably through alternative dispute resolution. In order to effectuate these policies, the court shall determine the custody arrangement which will best assure both parents participate in such decisions and have frequent, continuing and meaningful contact with their children so long as it is in the best interests of the child.

Section 452.375.2(1) to (8) provides as follows:

The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian.

plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310. Such plan may be a parenting plan submitted by the parties pursuant to section 452.310 or, in the absence thereof, a plan determined by the court, but in all cases, the custody plan approved and ordered by the court shall be in the court's discretion and shall be in the best interest of the child.

Section 452.310.7(1) sets forth the arrangements that must be covered in every parenting plan detailing custody, visitation, and residential time.[4]

In the present case, the trial court's judgment, with no greater precision or detail, gave Mother temporary custody of the two boys as follows:

> (a) six weeks during the summer vacation;
>
> (b) alternating Christmas and Spring breaks;
>
> (c) such other times as the parties may agree to.

The court's judgment also provided that Mother was responsible for the cost of transporting the children to and from her home. The trial court's judgment does not include a specific written parenting plan which includes all the terms set forth in § 452.310.7. As such, the trial court's judg-

ment is not in compliance with §§ 452.375.9 and 452.310.7. *See Brandow,* 18 S.W.3d at 588–9; *Bridgeman v. Bridgeman,* 63 S.W.3d 686 (Mo.App. E.D.2002); *Hollins v. Hollins,* 13 S.W.3d 669 (Mo.App. E.D.2000). On remand, the trial court is instructed to prepare a parenting plan in compliance with § 452.310.7.

In conclusion, we reverse the judgment and remand the cause with instructions for the court to enter a new judgment including written findings in compliance with § 452.375.6, and a parenting plan in compliance with § 452.310.7.

CLIFFORD H. AHRENS, J., and MARY K. HOFF, J., concur.

---

4. Section 452.310.7(1) provides, in pertinent part, that the parenting plan:

... shall include but not be limited to:

(1) A specific written schedule detailing the custody, visitation and residential time for each child with each party including:

(a) Major holidays stating which holidays a party has each year;

(b) School holidays for school age children;

(c) The child's birthday, Mother's Day and Father's Day;

(d) Weekday and weekend schedules and for school age children how the winter, spring, summer and other vacations from school will be spent;

(e) The times and places for transfer of the child between the parties in connection with the residential schedule;

(f) A plan for sharing transportation duties associated with the residential schedule;

(g) Appropriate times for telephone access;

(h) Suggested procedures for notifying the other party when a party requests a temporary variation from the residential schedule;

(i) Any suggested restrictions or limitations on access to a party and the reasons such restrictions are requested;