Robert Eugene CUNNINGHAM, Respondent,

v.

Amy Ann CUNNINGHAM, Appellant.

No. ED 83767.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 7, 2004.

---

[1]. All statutory references are to RSMo 2000 unless otherwise indicated.

Robert V. Krueger, Mexico, MO, for appellant.

David T. Smith, Columbia, MO, for respondent.

LAWRENCE E. MOONEY, P.J.

In this marital dissolution case, the wife, Amy Ann Cunningham, appeals the trial

court's judgment and decree of dissolution of her marriage to the husband, Robert Eugene Cunningham. The wife's points on appeal all challenge the child-custody provisions of the decree wherein the trial court awarded the parties joint legal custody, and joint physical custody, with primary physical custody of the parties' two minor children awarded to the husband. The wife alleges the trial court: (1) failed to make written findings detailing the specific relevant statutory factors that supported its custody award; (2) failed to include all statutory terms in its written parenting plan; (3) failed to address whether any domestic violence had occurred during the marriage; and (4) erred in awarding physical custody of the children to the husband, as such ruling was against the weight of the evidence. Two of the wife's claims of error have merit and require remand. Because the trial court was required to include written findings detailing the specific relevant factors supporting its custody award, and because the trial court's parenting plan did not include all required statutory terms, we reverse and remand.

### Factual and Procedural Background

At the time of trial, husband and wife had been married for nearly ten years, and had two children, ages 8 and 6. In his petition for dissolution of marriage, husband prayed for sole legal custody of the children, and joint physical custody, with primary physical custody awarded to him. The wife, in her counterpetition, prayed for joint legal custody, and that she be awarded primary physical custody of the children. The husband and wife each submitted their own separate proposed parenting plan reflecting their respective individual recommendations. The trial court entered judgment awarding joint legal custody and joint physical custody of the minor children, with primary physical custody of the children awarded to the husband, subject to the wife's reasonable rights of visitation. The wife now appeals.

### Discussion

Our review of this court-tried case is pursuant to Rule 73.01(c). *See Holmes v. Holmes*, 878 S.W.2d 906, 909 (Mo.App. E.D.1994); *Shelton v. Shelton*, 29 S.W.3d 400, 402 (Mo.App. E.D.2000). As that rule is construed in *Murphy v. Carron*, we must affirm the trial court's judgment unless there is no substantial evidence to support the decision, the judgment is against the weight of the evidence, or the trial court erroneously declares or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989); *Bond v. Bond*, 77 S.W.3d 7, 10 (Mo.App. E.D.2002).

▮ The wife first alleges the trial court erred in failing to make written findings detailing the specific relevant factors demonstrating that its physical-custody arrangement was in the best interest of the children and elucidating why the court rejected the proposed custody arrangements requested by each party. The wife argues these written findings are required by Section 452.375 RSMo. (2000).[1] That section

---

1. All further statutory references are to RSMo. (2000). Section 452.375.6 provides as follows:

    If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court shall include a written finding in the judgment or order based on

    the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child. If a proposed custodial arrangement is rejected by the court, the court shall include a written find-

states that when the parties have not agreed to a custodial arrangement, the court is required to include in its judgment a written finding based on the public policy in section 452.375.4 and the factors listed in section 452.375.2(1) to (8), detailing the specific relevant factors that made the chosen arrangement in the best interest of the child. *See, e.g., Gross v. Helm*, 98 S.W.3d 85, 87 (Mo.App. E.D.2003) *quoting Brandow v. Brandow*, 18 S.W.3d 584, 587–8 (Mo.App. W.D.2000). The statute also requires that if a proposed custodial arrangement is rejected by the court, the court shall include a written finding in the judgment detailing the specific relevant factors resulting in the rejection of the arrangement. *See, e.g., Brandow*, 18 S.W.3d at 588.

The record in this case reflects that the wife and husband did not agree upon a custodial arrangement for their children, and that the trial court rejected their proposed custodial plans. Both parties submitted separate parenting plans. The wife's plan provided for joint legal custody, with primary physical custody to her. The husband's plan provided instead for sole legal custody, and joint physical custody, with primary physical custody to him. The court, in its judgment, however, awarded the parties joint legal custody of the children, joint physical custody, with

primary physical custody to the husband. According to the plain language of the statute, because the parties had not agreed to a custodial arrangement, the trial court was required to include in its judgment a written finding based on the public policy in section 452.375.4 and the factors listed in section 452.375.2(1) to (8) detailing the specific relevant factors that made the chosen arrangement in the best interest of the children. Additionally, because the trial court rejected the parties' proposed plans, the court was required to make a written finding detailing the specific relevant factors resulting in the rejection of the parties' proposed custody arrangements. The trial court, however, did not make these required findings. As such, its judgment is not in compliance with section 452.375.6. *See Brandow*, 18 S.W.3d at 588. Accordingly, the judgment regarding child custody is reversed, and the case is remanded to the trial court with instructions for the court to make the required findings in compliance with section 452.375.6, and for entry of a new child-custody judgment as the trial court deems proper. *See also, Gross*, 98 S.W.3d at 88; *Sleater v. Sleater*, 42 S.W.3d 821 (Mo.App. E.D.2001); *Morse v. Morse*, 80 S.W.3d 898 (Mo.App. W.D. 2002); *Bauer v. Bauer*, 38 S.W.3d 449 (Mo.App. W.D.2001).[2]

---

ing in the judgment or order detailing the specific relevant factors resulting in the rejection of such arrangement.

2. The wife also complains in her first point relied on that the custody ruling in the court's judgment is in conflict with, and contradicts, the court's custody declaration in its court-ordered parenting plan. Specifically, the wife complains that while the court's judgment states the parties are to have joint legal custody of the children, the court-ordered parenting plan defines joint legal custody in sole legal custody terms. Wife complains about the following provision from the court-ordered parenting plan:

III. LEGAL RESPONSIBILITIES

The Father and Mother shall have joint legal custody of the minor children with Father having primary physical custody of the minor children, subject to the Mother's rights of visitation as set out below.

(a) JOINT LEGAL CUSTODY

*All major decisions concerning the children's educations, cultural and artistic training, participation in sports, non-emergency health treatment and general welfare shall be made by Father.* (Emphasis supplied).

This particular provision is identical to, and appears to have originated from, the husband's proposed parenting plan, wherein he requested sole legal custody. The wife also complains that the court's award of physical

■ Similarly, we also remand this case to the trial court with instructions for the court to amend its court-ordered parenting plan. The wife alleges the trial court failed to include all of the statutory terms in its written parenting plan, as required by section 452.375.9, which provides, in pertinent part, that "[a]ny judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310." Specifically, the wife raises four complaints regarding the court-ordered parenting plan.

First, the wife alleges that the court's plan lacked a specific written schedule detailing the custody, visitation and residential time for each child, for the weekdays, as required by section 452.310.7(1)(d). The wife argues that the court's omission is problematic in light of evidence showing her availability and past practice of having the children with her each weekday after school. Section 452.310.7(1)(d) provides, in pertinent part, that the parenting plan should include a "specific written schedule detailing the custody, visitation and residential time for each child with each party including ... weekday and weekend schedules...." The trial court's plan here provides for weekend, summer vacation, and holiday schedules, but is silent regarding a weekday schedule, and thus fails to comply with section 452.310.7(1)(d). While it might be inferred from the trial court's silence that the husband has custody of the children each weekday, the statute does require that a weekday schedule be included in the parenting plan. Our decision today should not be read as implying that the mother is entitled to visitation every weekday by default, as she would prefer, just because she is available or because that was the parties' past practice. We do not so find. Rather, we only hold that the court's plan fails to comply with the statute, as it does not include a weekday schedule. On remand, the trial court may enter whatever weekday schedule it deems appropriate and in the best interest of the children.

■ Second, the wife complains that the court-ordered parenting plan lacked details on how the decision-making rights and responsibilities will be shared between the parties, specifically the decisions regarding child-care providers and how such providers would be selected, as required by section 452.310.7(2)(d). The court's plan does provide generally that each parent "shall confer and discuss with the other parent decisions affecting the health, education and welfare of the children, as well as decisions involving the activities of the children." However, section 452.310.7(2)(d) provides, in pertinent part, that there should be a "specific written plan regarding legal custody which details how the decision-making rights and responsibilities will be shared between the parties including ... child care providers, [and] how such providers will be selected."

custody in its judgment and parenting plan is ambiguous and seemingly contradictory to a letter sent to the parties by the court prior to the court's entry of written judgment, informing the parties of the court's decision. The wife complains that court's judgment and court-ordered parenting plan awarding joint physical custody is in conflict with the court's letter, which states "... with physical custody in [husband]." Because we are reversing and remanding this case on other grounds, we do not reach the merits of the wife's complaints.

We note that any complaints of inconsistencies between the court's judgment and the court's letter to the parties are of no moment; the court's letter is not designated a judgment, states that the case remains under advisement until the written judgment is entered, and thus is of no effect. On remand, the trial court shall clarify its award of legal custody. For purposes of this opinion, it appears that it was the court's intent to award joint legal custody since that is the language used in the court's judgment.

The trial court's plan regarding legal custody is silent on this issue. On remand, the trial court should provide further clarification.

■ Third, the wife complains that the court-ordered parenting plan failed to specify how expenses of the child, including child-care expenses, will be paid, as required by section 452.310.7(3)(e). That section provides that the written parenting plan should include how the expenses of the child, including child care, will be paid, including the cost of child-care expenses, if any. We note that no evidence as to the amount of child-care expenses was presented at trial, and the court's plan is silent on this issue. To the extent there would be any child-care expenses, the court's plan fails to specify how these will be paid, and thus fails to comply with the statutory requirements.

And fourth, the wife complains that to the extent that the court-ordered parenting plan awarded sole legal custody to the Husband, the plan failed to comply with section 452.310.7(2)(g), which states that if a party suggests no shared decision-making, a statement of the reasons should be included in the plan. Because of the language used in the court's judgment, it appears the trial court awarded joint legal custody, and thus, this complaint would be

without merit. As noted previously, the trial court on remand is to clarify its award of legal custody. As such, we do not reach this particular complaint.

Because the court's parenting plan does not include all the terms set forth in section 452.310.7, the trial court's judgment is not in compliance with sections 452.375.9 and 452.310.7. *See Bridgeman v. Bridgeman*, 63 S.W.3d 686 (Mo.App. E.D.2002); *Hollins v. Hollins*, 13 S.W.3d 669 (Mo. App. E.D.2000); *Brandow v. Brandow*, 18 S.W.3d 584 (Mo.App. W.D.2000). Accordingly, we remand with instructions for the trial court to correct these deficiencies and to complete its parenting plan in compliance with sections 452.375.9 and 452.310.7. In so doing, the court may receive additional evidence if, in its discretion, it deems additional evidence is needed.

■ Next, the wife alleges the trial court erred in failing to make a determination on the record as to whether domestic violence, or a pattern of domestic violence, had occurred, as required by sections 452.375.2(6) and 452.375.13.[3] We disagree.

Although not alleged in her answer or counterpetition, the wife argues on appeal that domestic violence had occurred during the marriage. At trial, the wife testified that husband would regularly push and shove her, and hit her. She also testified

---

3. Section 452.375.2 states as follows:
   The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including: . . .
   (6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. *If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law.* Custody and visitation rights shall be ordered in a manner that best protects the child and the

parent or other family or household member who is the victim of domestic violence from any further harm; [emphasis added]
Section 452.375.13 states as follows:
   If the court finds that domestic violence or abuse, as defined in sections 455.010 and 455.501, RSMo, has occurred, the court shall make specific findings of fact to show that the custody or visitation arrangement ordered by the court best protects the child and the parent or other family or household member who is the victim of domestic violence or abuse, as defined in sections 455.010 and 455.501, RSMo, from any further harm.

that husband had thrown a Coke can at her. She also described an incident where, during an argument, husband punched a hole through a closet door. Wife testified that the punch would have hit her in the face had she not moved. Wife also testified that husband had made threats that involved his ability and familiarity with knives.

The trial court did not make any written findings regarding domestic violence. The wife requested specific findings of fact regarding child custody and visitation, but such request was denied as being untimely. The wife does not challenge this ruling. According to Rule 73.01, if the trial court does not make explicit findings, we can presume that the trial court made implicit findings in accordance with the result reached. *Mund v. Mund,* 7 S.W.3d 401, 402 (Mo.banc 1999). Wife argues that based on the evidence in this case, it cannot be presumed from the trial court's silence that no domestic violence occurred, and that such a finding would be against the weight of the evidence. The wife relies primarily on relies upon *Gant v. Gant,* 892 S.W.2d 342 (Mo.App. W.D.1995) to support her argument. In *Gant,* the Court found that, in light of the substantial evidence of domestic violence presented, it could not presume from the trial court's silence that no domestic violence had occurred and remanded the case to the trial court to enter findings as to whether domestic violence had occurred. In that case, the wife presented evidence that husband had physically abused her, destroyed personal property, and had threatened to kill himself. Mr. Gant had acknowledged the occurrence of most of the incidents of physical violence and threats that had been related by Mrs. Gant, as well as admitting that he had stated to his wife that sometimes she made him want to kill her. The court found that "even if Mrs. Gant's testimony were entirely discounted by the trial

judge Mr. Gant's testimony alone would require a finding that a pattern of domestic violence occurred." *Gant,* 892 S.W.2d at 346.

·*Gant* is factually distinguishable. Unlike *Gant,* where the husband admitted to numerous incidents of domestic violence, here the husband made no such admissions. The husband here denied wife's allegations of physical abuse and threats, and testified that he never touched or assaulted the wife. He specifically denied ever pushing or shoving the wife. He also specifically denied saying that he knew how to handle knives or threatening to use a knife on the wife. While he acknowledged throwing a Coke can at the wall, the husband testified it was nowhere near the wife. And, while he also acknowledged damaging a door by slamming it shut after having an argument with wife, he testified the wife was not there at the time. These are the only admissions made by the husband. Additionally, the wife was impeached on a number of issues, including her allegations of domestic violence. For example, defense counsel elicited testimony from the wife that while she had testified at trial that the husband pushed her down while she was holding the parties' son, and that their son received a bruise, in her deposition she had stated that the husband had never harmed the children. Further, the wife conceded on cross-examination that although the police had been called to the parties' house on a domestic-disturbance call, she had never reported to the police that she had been pushed.

In a court-tried case, the trial court is the arbiter of the facts; it is free to accept or reject all, part, or none of the testimony of a witness. The trial court may disbelieve testimony even when it is uncontradicted. Further, the trial court was in a position to judge the credibility,

sincerity, and character of the witnesses. In this case the trial court could have wholly disbelieved the wife's evidence and could have implicitly found there was no domestic violence or abuse. Based on the record before us, a finding that no domestic violence occurred would not have been against the weight of the evidence. The evidence did not require a specific finding under sections 452.375.2(6) or 452.375.13. *See Winslow v. Winslow,* 14 S.W.3d 690 (Mo.App. E.D.2000); *Bedwell v. Bedwell,* 51 S.W.3d 39 (Mo.App. W.D.2001). Point denied.

■ Lastly, the wife contends the trial court erred in awarding primary physical custody to the husband because the award of custody was against the weight of the evidence, and was based on a misapplication of the factors found in section 452.375.2. Because this case must be reversed and remanded for the trial court to enter findings pursuant to section 452.375.6, to amend its parenting plan to ensure compliance with sections 452.375.9 and 452.310.7, and for entry of a new child-custody judgment as the trial court deems proper, disposition of wife's point would be premature.

The judgment of the trial court is reversed and the cause is remanded for the trial court to make the required findings in compliance with section 452.375.6, and to complete its parenting plan in compliance with sections 452.375.9 and 452.310.7.

LAWRENCE G. CRAHAN and MARY K. HOFF, JJ., concur.