In re the Marriage of Dorell C.
WILLIAMS, Appellant,

v.

Angela WILLIAMS, Respondent.

No. ED 87932.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 2007.

Rufus J. Tate, Jr., Clayton, MO, for Appellant.

Angela Bradley, Saint Louis, MO, Respondent Pro Se.

## OPINION

GLENN A. NORTON, Presiding Judge.

Dorell Williams ("Father") appeals the judgment dissolving his marriage to Angela Williams ("Mother"). We hold that the trial court failed to make an adequate parenting plan and erred in its calculation of child support. We reverse in part and remand.

### I. BACKGROUND

Mother and Father had children at the time the trial court entered its judgment dissolving their marriage. At trial, Mother and Father did not agree on a plan for custody and visitation. The judgment awarded Mother and Father joint legal and physical custody of the children. The judgment stated that "each parent shall have physical custody of the minor children at reasonable times and for reason-

able intervals." The judgment did not otherwise mention a schedule of custody or visitation. The judgment also ordered Father to pay Mother $682.70 per month for child support, which included a 30% adjustment for visitation. Father appealed; Mother filed no response.

## II. DISCUSSION

### A. Standard of Review

We review a dissolution judgment just as any other court-tried action. *Wood v. Wood,* 193 S.W.3d 307, 310 (Mo.App. E.D. 2006). Following *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), we will affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Wood,* 193 S.W.3d at 310.

### B. Custody And Visitation Schedule

Father argues that the court erred in failing to issue a parenting plan in its judgment. Sections 452.375.9 [1] and 452.310.7 state that the court must include in its judgment providing for custody a parenting plan detailing the custody, visitation and residential time each child spends with each parent. *See Cunningham v. Cunningham,* 143 S.W.3d 647, 651 (Mo.App. E.D.2004). In *Wills v. Wills,* the court's schedule failed to provide detailed weekday and weekend schedules and provided for visitation on some holidays, but not others. 197 S.W.3d 187, 196 (Mo.App. W.D.2006). The judgment also provided for "reasonable access" to the telephone. *Id.* The appellate court found these provisions inadequate under sections 452.375.9 and 452.310.7 and remanded the case to provide a more detailed parenting plan. *Id.*

The parenting plan in the court's judgment here is similar to the rejected one in *Wills.* This plan calls for physical custody of the children for each parent "at reasonable times and for reasonable intervals." The plan also provides "reasonable access" to the children by telephone while the children are in the physical custody of the other parent. These provisions are not sufficient for a complete parenting plan under sections 452.375.9 and 452.310.7. We remand for the trial court to prepare a complete parenting plan consistent with those statutory sections.

Point granted.

### C. Child Support

In his other points, Father also argues that the trial court erred in ordering him to pay Mother $682.70 per month in child support. Child support obligations are determined in accordance with the two-step procedure set out in *Woolridge v. Woolridge,* 915 S.W.2d 372, 379 (Mo.App. W.D.1996). *Malawey v. Malawey,* 137 S.W.3d 518, 526 (Mo.App. E.D.2004); *see also* Rule 88.01.[2] First, the trial court determines the presumed child support amount either by accepting one party's submitted Form 14 or doing its own Form 14 calculation. *Id.* at 526–27. Then, the court must consider all relevant factors to determine whether to rebut the presumed child support amount as unjust or inappropriate. *Id.* at 527. The factors are found in section 452.340.1. *Id.* One of these factors is the amount of time each child spends with each parent. Section 452.340.1(5).

In its judgment, the trial court stated that it followed Rule 88.01 in calculating the child support obligation. The

---

**1.** All statutory references are to RSMo 2000.

**2.** All Rules references are to Missouri Supreme Court Rules (2006).

judgment, however, did not contain a parenting plan detailing the amount of time each child would spend with each parent. Therefore, the court could not have properly completed a Form 14 calculation, which requires an adjustment for the portions of the amount expended during periods of overnight visitation or custody. The 30% adjustment to Father's support obligation for visitation in the court's calculation is not supported by the portion of the judgment outlining the custody plan. Further, the trial court could not have considered all relevant factors in determining whether to rebut the presumed child support amount because the judgment did not provide the amount of time the children were to spend with each parent. Upon remand, the court must re-calculate the amount of child support in accordance with the steps explained above.

Points granted.

### III. CONCLUSION

We reverse the judgment with respect to the parenting plan and support and remand for a complete determination of the schedule and support consistent with this opinion. We affirm the judgment in all other respects.

LAWRENCE E. MOONEY and KENNETH M. ROMINES, JJ., concur.