John J. RUMBOLO,
Petitioner–Respondent,

v.

Kathleen A. PHELPS, f/k/a Rumbolo,
Respondent–Appellant.

No. 54227.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 1, 1988.

Hardy C. Menees and Joseph Scott Rubin, Clayton, for respondent-appellant.

John K. Greider, Clayton, for petitioner-respondent.

CRANDALL, Presiding Judge.

Kathleen A. Phelps (mother) appeals from the judgment of the trial court granting the motion of John J. Rumbolo (father) to modify the parties' dissolution decree. We affirm.

The marriage between mother and father was dissolved on June 20, 1986. There were two children born of the marriage: Dominic John Rumbolo, born July 20, 1981 and Gina Marie Rumbolo, born December 31, 1982. Mother was granted primary custody of the children, and father was granted reasonable visitation rights and temporary custody of the minor children. In addition, father was ordered to pay child support in the amount of $650 per month per child.

Thereafter, mother brought a motion to modify the decree of dissolution seeking to change the residence of the children from Missouri to the State of Colorado where she intended to reside with her new husband. Mother's motion was granted after notice and hearing. Father then brought a motion to modify seeking a change in his rights of temporary custody and visitation because of the change of residence of the children. Mother appeals from the grant of that motion alleging that the trial court erred: (1) by ordering that the Circuit Court of St. Louis County, Missouri would continue to have jurisdiction over all custody issues concerning the children during their minority; (2) by ordering mother to pay the transportation costs incurred by the children in flying from Colorado to Missouri to visit their father each Christmas vacation; (3) by awarding father increasingly larger periods of temporary custody (four weeks in year one, five weeks in year 2, six weeks in the remaining years of the children's minority); and (4) by awarding father seven consecutive overnights of temporary custody during the Christmas season each year and five consecutive days of temporary custody during the Spring Break period each year.

■ In a custody proceeding the welfare of the children is the primary consideration. In the *Matter of Williams,* 672 S.W.2d 394, 395 (Mo.App.1984). The parents' testimony regarding their preference as to custody arrangements is simply evidence for the consideration of the court. The court is not bound by any limitations of custody suggested by the parties. The court's duty is to enter a judgment that is in the best interest of the children; the best interest of the parents are secondary. *Pulliam v. Sutton,* 728 S.W.2d 252, 253 (Mo.App.1987).

Unlike most litigation in which the judge is a neutral arbiter, the court in a custody proceeding has an affirmative duty to determine what is in the best interests of the children. In the *Matter of Williams,* 672 S.W.2d at 395. Thus, a greater burden is placed on the trial court than simply according the parties a fair trial. *Id.* We, therefore, presume that the decision reached was motivated by what the trial judge believed was best for the children, and accord the judge's determination greater deference than in other cases. *Heermance v. Heermance,* 706 S.W.2d 548, 551 (Mo.App.1986). Further, it is the prerogative of the trial court to determine the credibility of the witnesses, accepting or rejecting all or any part of the testimony. *Ware v. Ware,* 647 S.W.2d 582, 584 (Mo. App.1983). The judgment is to be affirmed under any reasonable theory supported by the evidence. *Id.*

■ We now turn to mother's specific claims of error. Mother first argues that the trial court exceeded its jurisdiction by including the following paragraph in its order:

> The Circuit Court of St. Louis County, Missouri, shall continue to have jurisdiction over all issues concerning the care, custody and supervision of the aforenamed children during their minority.

Mother asserts that although this paragraph has no immediate effect, its inclusion could be harmful in the future if a court in another state (such as Colorado) subsequently defers to the St. Louis County Court's assertion of jurisdiction and refus-

es to exercise its own jurisdiction over a proceeding involving the possible modification of the Missouri decree. Father, in his brief, agrees that the paragraph should be stricken.

Father's concession of error does not end the inquiry because the paragraph in question relates to jurisdiction. Jurisdiction, unlike venue, is not a personal privilege and cannot be waived. *State ex. rel. Laws v. Higgins*, 734 S.W.2d 274, 279 (Mo.App. 1987). Accordingly, we must review mother's assertion of error in spite of father's acquiescence.

■ Missouri adopted as a matter of comity the Uniform Child Custody Jurisdiction Act (Act) in 1978. All fifty states and the District of Columbia have adopted the Act. Its purpose is to avoid jurisdictional competition, to promote cooperation among state courts, and to assure that resolution of a custody dispute takes place in the state with which the child and the child's family have the closest connection. *Id.* at 277. Analysis under the Act is two-fold: (1) Does the forum state have proper jurisdiction; and (2) should the forum state, although it possesses proper jurisdiction, refrain from exercising it?

It is not disputed that the St. Louis County Circuit Court had proper jurisdiction over this proceeding. Section 452.450, RSMo (1986) provides:

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because:

(a) The child and his parents, or the child and at least one litigant, have a *significant connection* with this state; and

(b) There is available in the state *substantial evidence* concerning the child's present or future care, protection, training, and personal relationships; or ... (emphasis added).

Under the "significant connection" plus "substantial evidence" provision, jurisdiction in the St. Louis County Circuit Court was appropriate. The concern is not, however, over the exercise of jurisdiction by the Missouri court in this proceeding, but rather, over the possible exercise, or refused exercise, of jurisdiction by an out-of-state court in a subsequent proceeding.

In a subsequent proceeding to modify the Missouri decree, an out-of-state court would have to determine whether it had proper jurisdiction under the Act. Uniform Child Custody Jurisdictional Act, Section 14, 9 U.L.A. 292 (1979); Section 452.505, RSMo (1986). Section 3 of the Act defines the permissible basis for jurisdiction. Even a court with proper jurisdiction under the Act should decline to exercise that jurisdiction unless the court which rendered the decree does not have jurisdiction or has declined jurisdiction. *Id.*

The paragraph in question states that the St. Louis County Court will continue to have jurisdiction over "all issues" concerning the care, custody, and supervision of the children during their minority. If the phrase "all issues" is construed broadly to include all possible subsequent modification proceedings, the paragraph is an incorrect statement of the law. Whether a Missouri court would have, or should exercise, jurisdiction in the future would depend on the facts and circumstances at that time. If, however, "all issues" is construed as an expression that Missouri chooses to continue to exercise jurisdiction over these children so long as that jurisdiction exists and so long as the exercise of that jurisdiction is consistent with the objectives of the Act, then the paragraph is within the discretion

of the trial court. In addition, the paragraph is subject to modification at a later date.

Either way there is no prejudice to mother. We need not speculate on hypothetical cases not presently before this court. Jurisdictional questions in future cases must be reserved for future decisions. *Brown v. Brown*, 676 S.W.2d 519, 520 (Mo. banc 1984). We hold that mother's first point of error does not present a justiciable controversy and, therefore, decline to address it.

■ Mother next contends that the trial court erred by ordering:

All travel expenses to effect the above schedule each Christmas vacation shall be borne by Respondent.

Mother argues that the payment of transportation expenses constitutes child support. She alleges that the trial judge essentially reduced the father's child support obligation by forcing her to pay these expenses. Such a reduction, she argues, is improper because father did not specifically request this relief and failed to show any substantial change in circumstance which would justify a reduction in his child support obligation.

Mother cites no authority for her assertion that the payment of transportation expenses constitutes child support. Her argument is flawed because these transportation costs are not child support payments. Rather these transportation costs are incidental expenses which will be incurred as a result of mother's move with the children to Colorado. These transportation expenses will be necessary to effectuate father's reasonable visitation and temporary custody rights. Mother concedes that it would not be an economic burden for her to pay the Christmas transportation expenses. In fact father's yearly payment of travel expenses for the children will substantially exceed that of mother. Mother's second point is denied.

■ Mother next alleges that the trial court abused its discretion by allowing father increasing periods of future temporary custody because the order was not supported by substantial evidence on the record as a whole. Specifically mother objects to the court's order allowing father four-week, five-week, and six-week summertime temporary custody in future years because it anticipates future changes in circumstances not shown by the evidence presented, and father did not specifically request these periods. Additionally, mother asserts that the court abused its discretion by granting father seven consecutive overnights of temporary custody during the Christmas season each year and five consecutive days of temporary custody during the Spring Break period each year.

The "best interest of the children" standard is applied in custody determinations. *In re Marriage of Hayden*, 588 S.W.2d 165, 167 (Mo.App.1979). On appeal, the reviewing court must accept as true the evidence and permissible inferences favorable to the judgment. *In re Marriage of Scobee*, 667 S.W.2d 467, 468 (Mo.App.1984). This court will reverse the trial court's custody findings if we have a "firm conviction" that the judgment is wrong. *Hartig v. Hartig*, 738 S.W.2d 160, 161 (Mo.App.1987).

Although mother couches her argument in terms of "best interest" of the children, her complaints sound more in terms of inconvenience to mother. There is no evidence that father or mother are unfit parents. Father testified that he wanted to spend as much time as possible with his children, and mother testified that she intended to be in St. Louis during the Christmas season "ninety-nine percent of the time." The trial court may have also taken into consideration the fact that father will be deprived access to his children because mother moved away from St. Louis with the children. We presume the trial judge's decision was motivated by what the trial judge believed was best for the children. We have no firm conviction that the judgment of the trial court is erroneous. Mother's final points are denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.