Kathryn L. LUTHER, f/n/a Kathryn L. Vogel, Petitioner–Appellant,

v.

Arthur G. VOGEL, Respondent–Respondent.

No. 62260.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 12, 1993.

Lawrence J. Altman, Clayton, for petitioner-appellant.

Hollingsworth & Riehl, Patricia A. Riehl, Hillsboro, for respondent-respondent.

CRANDALL, Presiding Judge.

Kathryn L. Luther, formerly Kathryn L. Vogel, (Mother) appeals from the trial court's denial of her motion to modify the child custody and support provisions of the decree of dissolution of her marriage to Arthur G. Vogel (Father). We affirm.

The marriage of Mother and Father was dissolved on January 30, 1989. There was one child born of the marriage, a boy born May 26, 1985. The decree of dissolution provided that Mother and Father have joint legal custody with primary physical custody in Mother. Father was granted certain rights of visitation and temporary custody and was ordered to pay Mother $50.00 per week as and for child support.

Approximately six months after the dissolution decree, Father brought a motion to modify, seeking primary physical and legal custody of the minor child. In his motion, Father alleged, *inter alia*, that the child wanted to live with Father, the child was being abused by Mother's husband, and Mother did not follow the custody order. Mother brought a cross-motion to modify seeking an increase in child support; termination of joint custody with primary legal custody being placed in her and a restriction on the child's contact with Father to six hours per month of "supervised visitation."

After hearing extensive evidence, the trial court denied both motions, keeping the joint custody order intact, increasing the amount of temporary custody granted to Father, and denying Mother's request for an increase in child support. In addition, Father was ordered to pay $1,500.00 of Mother's attorney's fees. Only Mother appeals from the judgment.

We view the evidence in a light most favorable to the decree. At trial, each party's expert testified that the best home environment for the child would be with that parent. There was considerable evidence of bitterness and caustic behavior between Mother and Father; both parties admitted that they had problems communicating with each other and did not get along. Mother admitted that she did not permit Father to share in the decision-making concerning the child's welfare and therefore had not followed the joint custody plan. She testified that Father is a good father and there was no "rhyme or reason" for her request to limit his contact with the child to six hours per month of supervised visitation.

The child of the marriage is learning disabled with special needs. He loves his parents. Both Mother and Father have remarried. There is substantial evidence in the

record, albeit disputed, that the child gets along well with the respective new spouses and new siblings. Both parents love the child and are deeply concerned about his well being.

Although Father sought primary custody, he testified that if Mother kept primary physical custody, he wanted to continue with the joint legal custody arrangement. Mother testified that if the hostility between she and Father could be put to rest, she would be agreeable to leave the custody arrangements the way they were. Other facts will be developed as necessary under our discussion of Mother's points on appeal.

■ Mother first contends that the trial court erred in denying her motion for cessation of joint custody to be replaced with primary custody in Mother "because the *weight* of the evidence clearly indicates that joint custody was a failure as evidenced by both parties' motions for modification and the record."

■ Our standard of review is set forth in the oft-cited *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We do not review the case de novo. The power to set aside the decree on the ground that it is "against the weight of the evidence" should be exercised with caution and only if there is a firm belief that the decree is wrong. *Id.* at 32.

■ In a child custody proceeding it is the affirmative duty of the trial court to enter a decree that is in the best interest of the child; the best interest of the parents are secondary. *Rumbolo v. Phelps*, 759 S.W.2d 894, 895 (Mo.App.1988). We therefore accord the trial court great deference. *Id.*

■ The legislatively expressed public policy in the State of Missouri is for joint legal custody, providing it is in the child's best interest. Section 452.375.3 RSMo (Cum. Supp.1992); *In re Marriage of Barnes*, 855 S.W.2d 451, 455 (Mo.App.S.D.1993). " 'Joint legal custody' means the parents share the decision-making regarding the health, education and welfare of the child." *Gulley v. Gulley*, 852 S.W.2d 874, 876 (Mo.App.E.D. 1993). Further, joint custody may not be denied solely for the reason that one parent opposes it. Section 452.375.4(1). A commonality of beliefs concerning parental decisions and the ability of the parties to function as a parental unit are important considerations in determining whether joint custody is in the child's best interest. *Gulley*, 852 S.W.2d at 876. The statutorily expressed preference for joint custody is simply a legislative recognition that a functioning parental unit is most likely to be beneficial to a child. It is the first option to be considered in making a child custody award.

Here, the trial court chose to continue an arrangement that had been entered into some six months before the hearing. Although there was hostility between Mother and Father, both have expressed a willingness to cooperate in the future in making decisions concerning their child's upbringing. Both parents appear committed to their child's well-being; the child is in need of their best joint efforts.

Although there has been acrimony in the past between Mother and Father and probably there will be acrimony in the future, there is substantial evidence in the record that they have the ability and the professed desire to deal with each other concerning the rearing of *their* child. *See In re Marriage of Dempster*, 809 S.W.2d 450 (Mo.App.1991). Our review of the record does not leave us with a firm belief that the decree is wrong. *See Murphy v. Carron*, 536 S.W.2d at 32. The trial court did not abuse its discretion in concluding that joint legal custody is in this child's best interest. Mother's first point is denied.

■ Mother next claims the trial court erred in refusing to increase Father's child support obligation. The record reflects Civil Procedure Form No. 14 was not filed by either Mother or Father at trial. Rule 88.01 requires the use of Form No. 14 to calculate the presumed amount of child support to be awarded. *Hackmann v. Hackmann*, 847 S.W.2d 193, 194 (Mo.App.E.D.1993). Failure to file Form No. 14 precludes appellate review of Mother's claim of error. *Id.* Mother's second point is denied.

■ Finally, Mother claims that the trial court erred in awarding only $1,500.00 to-

ward her attorney's fees which totalled $9,500.00. Section 452.355, RSMo (Cum. Supp.1992), provides that the trial court, after considering all relevant factors including financial resources of the parties, has broad discretion in awarding attorney's fees. "When the amount awarded for attorney's fees is questioned on appeal on grounds of inadequacy, the expertise of the trial judge, by reason of his unique position and familiarity with the issues, is entitled to considerable weight, and the fact that the trial court awards less than the amount billed by counsel is not ipso facto indicative of an abuse of discretion." *Budzinski v. Budzinski,* 632 S.W.2d 527, 531 (Mo.App.1982); *see also T.C.H. v. K.M.H.,* 784 S.W.2d 281 (Mo.App. 1989) (award of $2,500.00 towards attorney's fees totalling $22,475.00 not an abuse of discretion). We find no abuse of discretion. Mother's third point is denied.

Affirmed.

REINHARD and CRIST, JJ., concur.