Anthony Michael CROMER, By
next Friend, Gregory Michael
CROMER, Respondent,

v.

Michele TUCKER n/k/a Martinez,
Appellant.

No. 74312.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1999.

Robert J. Bopp, Ballwin, MO, for appellant.

James C. Ochs, St. Louis, MO, for respondent.

Before: PAUL J. SIMON, P.J.,
KATHIANNE KNAUP CRANE, and
LAWRENCE E. MOONEY, J.J.

MEMORANDUM DECISION

PER CURIAM.

Michele Tucker ("Mother") appeals from the trial court's judgment modifying the child

custody and support agreement as to her minor child. Mother argues on appeal that the trial court erred in that: (1) there was no evidence to support a finding of changed circumstances necessary in order to modify the physical custody of the child; (2) there was substantial evidence of the parties' changed financial circumstances which would justify an increase in child support owed by Gregory Cromer ("Father"); and (3) the court abused its discretion in refusing Mother's request for attorney's fees. We affirm.

In reviewing judge-tried cases, the trial court's judgment will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). In a child custody proceeding it is the affirmative duty of the trial court to enter a decree that is in the best interest of the child. *Rumbolo v. Phelps,* 759 S.W.2d 894, 895 (Mo.App. E.D.1988). We therefore accord the trial court great deference. *Id.* Upon our review, we find substantial evidence to support the trial court's decision changing the physical custody of the minor child from Mother to joint physical custody with Father.

The Court of Appeals also defers to the trial court's ruling on motion to modify child support. *Glueck v. Tanner,* 913 S.W.2d 951, 954 (Mo.App. E.D.1996). Here, we find substantial evidence in the record to support the trial court's refusal to award Mother increased child support from Father.

Finally, the trial court is afforded considerable discretion in determining whether to award attorney's fees, and its decision will not be overturned absent a manifest abuse of that discretion. *Steffens v. Steffens,* 773 S.W.2d 875, 877 (Mo.App. E.D. 1989). Mother has failed to show that the trial court manifestly abused its discretion in refusing to award her such attorney's fees.

An opinion reciting the detailed facts and restating principles of law would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).