K.O.H., a minor, b/n/f, Joshua BAX, and Joshua Bax, Individually, Respondents/Cross–Appellants.

v.

Melissa HUHN, Appellant/Cross–Respondent,

Nos. ED 79490, ED 79573.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 26, 2002.

P.2001, unless otherwise indicated.

Edward C. Clausen & Roya R. Hough, Jefferson City, MO, for appellant.

Thomas G. Pirmantgen & Sara C. Michael, Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, JR.,
Presiding Judge.

Mother, Melissa Huhn, appeals from the judgment of the trial court modifying a previous judgment in a paternity action. Father, Joshua Bax, cross-appeals. We affirm in part and reverse and remand in part.

The parties were the mother and father of a child born in March 1998. In December 1998, the court entered a judgment in a paternity action. The court awarded custody of the child to mother, with visitation rights to father; and ordered father to pay child support in the amount of $300.00 per month, increasing to $371.00 per month in June 1999 upon father's anticipated graduation from college.

In February 2000, father filed the present action, seeking to modify the prior judgment. He requested that the court award custody of the child either solely to him or, in the alternative, jointly to him and mother; and also requested a change in his support obligation. Mother then filed a motion to modify, seeking an increase in child support.

The evidence reveals that mother's fiance was living with mother and the child. There was physical evidence that the child had been sexually abused. Mother's fiance and father were both suspects in the abuse case, because each had access to the child during the time the abuse was believed to have occurred. Each denied, however, that he was the perpetrator. The Sheriff of Osage County testified that mother's fiance and father passed polygraph tests and that the investigation was still open. Father felt a change in custody was necessary because mother had failed to protect the child from the sexual abuse.

There were other areas of conflict between mother and father. Mother and father did not have a good relationship. Mother changed day care providers without notifying father. Mother not only failed to comply with the visitation schedule as set forth in the prior judgment, but also interfered with father's visitation time with the child by repeated telephone calls before and after the sexual abuse occurred. Neither parent, however, objected to the other's method of disciplining the child.

Because of the allegations of sexual abuse, a Guardian Ad Litem (hereinafter GAL) was appointed. He expressed concern that the lingering suspicions of each family that members of the other family were responsible for the abuse would inhi-

bit a collective, peaceful effort to raise the child. He recommended joint legal and physical custody.

The trial court found that modification of the prior judgment was necessary because there was a change in circumstances in that mother's suspicions regarding father's sexual abuse of the child resulted in her depriving father of "significant time with the child." The court ordered joint physical and legal custody of the child and set forth a parenting plan. The court also ordered father to pay child support in the amount of $485.00 per month. In arriving at the amount of child support, the court made reference to Form 14 calculations, but did not attach a completed Form 14 to the judgment. Mother appeals from that judgment, and father cross-appeals.

In her first point, mother contends the trial court erred in modifying the original judgment when it changed the child custody to joint legal and physical custody.

■ Our standard of review is set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We do not review the case de novo. The power to set aside the decree on the ground that it is against the weight of the evidence should be exercised with caution and only if there is a firm belief that the decree is wrong. *Id.* Furthermore, it is the prerogative of the court to determine the credibility of the witnesses, accepting or rejecting all or any part of the testimony. *Rumbolo v. Phelps*, 759 S.W.2d 894, 895 (Mo.App.1988).

■ In a modification proceeding, the court determines whether, based on facts that have arisen since the prior decree, a substantial change has occurred in the circumstances of the children or of the children's custodian. *Pokrzywinski v. Pokrzywinski*, 8 S.W.3d 222, 224 (Mo.App. E.D.1999). Next, the court must consider whether, in light of the changed circum-

stances, a modification is necessary to serve the best interests of the children under section 452.410, RSMo 2000. *Id.* In a child custody proceeding, the welfare of the children is the primary consideration. *Rumbolo*, 759 S.W.2d at 895. Unlike most litigation in which the judge is a neutral arbiter, in a custody proceeding the court has an affirmative duty to enter a decree that is in the best interests of the children; the best interests of the parents are secondary. *Luther v. Vogel*, 863 S.W.2d 902, 904 (Mo.App. E.D.1993). We therefore accord the trial court great deference. *Id.*

■ Here, the evidence was that the child was sexually abused, although the perpetrator remained unknown at the time of the hearing. Although the trial court found that the child was sexually abused, it was not persuaded that either mother's fiance or father committed the abuse. Proof of abuse constituted a sufficient change in circumstances to justify a change in custody. *See Guier v. Guier*, 918 S.W.2d 940, 948 (Mo.App. W.D.1996). The fact of the abuse, especially when the perpetrator remained unknown, engendered suspicions between the parents and between their respective families and alienated them. The abuse also created an atmosphere of distrust between the families, to the extent that each family was accusing the other of abusing the child. In particular, mother's suspicions about father being involved in the abuse resulted in her depriving him of time with the child and in her frequently interrupting father's visitation time with the child. There was substantial evidence to support the trial court's conclusion that there was a change in circumstances warranting a modification of child custody.

■ Furthermore, the trial court's determination that joint custody was appropriate was also supported by the record. The award of joint custody was in

conformity with the GAL's recommendation. The GAL's principal allegiance is to the court and his function is to advocate what he believes to be in the child's best interest. *Schwartzkopf v. Schwartzkopf,* 9 S.W.3d 17, 22 (Mo.App. E.D.1999). There also was no dispute between the parents regarding each other's parenting skills or ability to provide an adequate home for the child. Both parents wanted to be involved in the child's life and performed their responsibilities as mother and father. The trial court did not err in determining that joint physical and legal custody would be in the child's best interest. Mother's first point is denied.

Mother's second point on appeal and father's sole point on appeal both challenge the trial court's order of child support. They contend that the court did not comply with Rule 88.01, which required the trial court to attach a Form 14 to its judgment or otherwise provide its calculations in the record.

It is implicit in Rule 88.01 that the trial court articulate for the record how it calculated its Form 14 amount. *Woolridge v. Woolridge,* 915 S.W.2d 372, 381 (Mo.App. W.D.1996). The trial court may do its own Form 14 calculation by either completing a Form 14 worksheet and making it a part of the record, or by articulating on the record how it calculated its Form 14 amount. *Id.* at 382. The lack of specific findings as to how the trial court calculated its Form 14 amount will not automatically trigger a reversal on appeal on that issue, provided the record clearly indicates how the trial court arrived at its Form 14 amount. *Id.*

In the instant action, the trial court entered findings that father's monthly income was $3,495.00 and mother's was $1,548.00; that the childcare credit was $210.00; and that health insurance cost $154.00. The court found that father's presumed child support obligation was $730.00; but ordered father to pay $415.00 per month, because it found that the presumed child support amount was unjust and inappropriate in view of the amount of overnights the child would have with father. In response to mother's motion to amend, the court amended the judgment as to child support, finding that $654.00 per month was the correct amount of father's presumed child support obligation; but reduced the child support to $485.00 per month, again finding the presumed amount unjust and inappropriate. The court did not attach a Form 14 either to the original judgment or to the amended judgment. In addition, the record did not indicate whether the court adopted the proposed Form 14 of either party or prepared its own Form 14, or how the court calculated the presumed correct child support amount. Accordingly, it is impossible for this court to review the trial court's decision to determine whether the guidelines were followed and a correct Form 14 calculation was made. Therefore, we reverse the trial court's decision on child support and remand the cause for further proceedings in compliance with *Woolridge.* Mother's second point and father's sole point in his cross-appeal are granted.

We affirm that part of the judgment relating to the modification of the judgment as to joint physical and legal custody. We reverse that part of the judgment relating to child support and remand the cause for proceedings not inconsistent with this opinion.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J., Concur.