Susan J. SOUTHARD, Petitioner–
Respondent,

v.

James A. SOUTHARD, Respondent–
Appellant.

No. ED 89217.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 27, 2007.

Benicia Baker–Livorsi, Daniel P. Card II, St. Charles, MO, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

This is an appeal from a child custody modification. We are faced first with the question of whether Rule 78.07(c) requiring the filing of a motion to amend to preserve error in the form of the judgment is in conflict with Rule 129 concerning procedure before a family court commissioner. We hold that it is not. We also consider whether a trial court has to use the word "substantial" to describe the change in circumstances justifying child custody modification. We hold it does not. We affirm the trial court's modification, finding it was neither inconsistent nor against the weight of the evidence.

### Factual and Procedural Background

James Southard (Father) and Susan Southard (Mother) divorced in 2003. They have one child, Kendra. The dissolution decree provided for joint legal custody, with Mother retaining sole physical custody. The parties were to consult each other on educational decisions for Kendra. After the divorce, Mother moved three times, changing Kendra's school each time. Ultimately, Mother enrolled Kendra in a parochial school. Father filed a *modification* petition asking the court to grant him sole custody. After a hearing in front of Commissioner Norman C. Steimel III, the commissioner found that there had been a breakdown of communication between Mother and Father. Commissioner Steimel awarded Mother sole legal and physical custody. The commissioner's Findings, Recommendation, and Judgment of Modification were adopted by the Honorable Joseph R. Briscoe, family court administrative judge. Father moved for *de novo*

Jonathan D. Marks, St. Louis, MO, for appellant.

rehearing in front of a circuit judge on 12 December 2006. On 31 December 2006, the Honorable Richard K. Zerr replaced Judge Briscoe in the Family Court Division, and he denied Father's motion for rehearing on 12 January 2007. This appeal follows.

Father raises four points on appeal: 1) whether the trial court erred in failing to discuss the statutory factors listed in § 452.375 RSMo.[1]; 2) whether the trial court erred in failing to use the word "substantial" to describe the change in circumstances that it considered sufficient to justify modification; 3) whether the judgment is inherently inconsistent; and 4) whether the modification was against the weight of the evidence. Conversely, Mother argues that this Court does not have jurisdiction to hear Father's appeal because it was not timely filed, and furthermore because it is an appeal from an unappealable judgment.

### Jurisdictional Issue

 Whether this Court has jurisdiction is a question of law that we review *de novo*. *Bounds v. O'Brien*, 134 S.W.3d 666, 670 (Mo.Ct.App.E.D.2004).

Mother argues that Father's motion for rehearing was untimely under Rule 129.13, which states that the motion must be filed within fifteen days of the mailing of the court's Findings and Recommendations. Missouri Supreme Court Rule 129.13(a). Mother argues that because the Findings and Recommendations were filed on 21 November 2006, Father's filing of 12 December was too late. However, Father points out that while the Findings were filed on 21 November, they were not actually mailed until 28 November, thus giving him until 13 December to file his motion. Father attaches the envelope with the

postmark indicating 28 November 2006 as the mailing date. Therefore, his motion filed 12 December was timely.

 Mother also argues that we should dismiss Father's first point because it is an appeal from the circuit court's denial of Father's motion for rehearing. A motion for rehearing is functionally equivalent to a motion for new trial, *Dunkle v. Dunkle*, 158 S.W.3d 823, 831 (Mo.Ct.App. E.D.2005). The denial of a motion for new trial is not appealable. *Yaeger v. Olympic Marine Co.*, 983 S.W.2d 173, 185 (Mo.Ct.App.E.D.1998) (citing *Hitt v. Martin*, 872 S.W.2d 121, 122 (Mo.Ct.App.E.D.1994)). However, in both *Yaeger* and *Hitt*, we proceeded to apply the correct standard of review for an appeal from the judgment itself, rather than the denial of the motion for new trial. *See Yaeger*, 983 S.W.2d at 185; *Hitt*, 872 S.W.2d at 122. Therefore, we note that Father may not appeal from the denial of his motion for rehearing, but that his appeal is in all other respects an appeal from the trial court's judgment and we will review it as such.

### Points on Appeal

#### Standard of Review

 On review of a custody modification case, we will affirm if the judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Speer v. Colon*, 155 S.W.3d 60, 61 (Mo.2005). "We give greater deference to the trial court in custody matters than other matters. Because the trial court is in the best position to weigh all of the evidence, we will affirm the trial court's custody determination under any reasonable theory." *Bohac v. Akbani*, 29 S.W.3d 407, 411 (Mo.Ct.App.E.D.2000) (citations omitted).

---

1. All statutory references are to RSMo. (2000) unless otherwise indicated.

### Failure to Make Statutorily Required Findings

■ Father's first point is that Commissioner Steimel failed to make the findings required by § 452.375.6. Mother argues that Father did not preserve this point for appeal because he did not file a motion to amend the judgment as required by Rule 78.07(c), which states

> In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review.

Father argues that he preserved error by exercising his right to request a rehearing in front of a circuit judge, which is authorized by Rule 129.13(a):

> Unless waived by the parties in writing, a party to a case or proceeding heard by a commissioner, within fifteen days after the mailing of notice of the filing of the judgment of the court, may file a motion for rehearing by a judge of the court....

He argues that his motion for rehearing included all of his claims of failure to make statutorily required findings, and thus it should suffice to preserve those claims. Father also argues that complying with Rule 78.07(c) would require him to forfeit his right to rehearing under Rule 129, because if the judge granted the motion to amend, then the case would be sent back to the commissioner rather than for rehearing in front of a circuit judge.

We disagree. First, Father cites *Dunkle v. Dunkle*, 158 S.W.3d 823, 831 (Mo.Ct.App.E.D.2005), for the proposition that the title of a motion is not as important as its substance. Thus, he argues, because all of his claims of error were raised in his motion for rehearing, it should be treated as substantively complying with Rule 78.07(c). It is true that a motion's title is not its most important element, but in *Dunkle* we considered the functional equivalence of a motion for rehearing and a motion for new trial. 158 S.W.3d at 830. Because the motions were essentially the same, we found the choice of title to be of no great concern. This is not the situation here. A motion to amend and a motion for new trial (or rehearing) are not functionally equivalent. *See Kahn v. Kahn*, 839 S.W.2d 327, 330 (Mo.Ct.App.E.D.1992).[2] Each requests a different sort of relief, even though the support for the requests may come from the same allegations of error. Father's motion was in all respects a motion for rehearing. It was neither a motion to amend that was unintentionally misnamed, nor a functionally equivalent motion with a different name. Thus, we find that Father's motion for rehearing was not sufficient to constitute a motion to amend under Rule 78.07(c).

■ Therefore, we must address whether the rules applicable to these two motions conflict with one another, precluding the filing of both motions in cases heard by commissioners. In *Dunkle*, the inconsistency in the rules was that they prescribed different time limits for two functionally equivalent motions. 158 S.W.3d at 831. Father argues that the inconsistency here between Rule 78.07(c) and Rule 129.13(a) is that a judge acting under Rule 129 is not authorized by that rule to amend a judgment. Therefore, Father argues, the only way a judge could sustain a motion to

---

**2.** This further becomes clear when looking at Rule 73.01(d), which states "... a party may, but need not, file a motion for new trial *or a* motion to amend the judgment or opinion, *or both* ...." (emphasis added). There are also other rules in which the motions are mentioned separately, showing they are to be considered distinct from one another. *See, e.g.,* Rule 78.04; Rule 78.06.

amend would be to order a rehearing in front of a commissioner, under Rule 129.11.[3] Father concludes that this undermines his right to a rehearing in front of a circuit judge, and therefore the only course of action Father had to obtain that rehearing was to file a motion for such under Rule 129.13.

We disagree. Father misunderstands the procedures available. The fact that Rule 129 exists does not mean that a family court judge is confined to ordering relief found in Rule 129 alone.[4] While Rule 129 does govern procedures in front of commissioners and supersedes all inconsistent rules by its own terms, *see* Rule 129.02, it does not preclude the application of rules with which it is *not* inconsistent. This Court has expressly held Rule 129 is not inconsistent with respect to motions to amend. *Dunkle*, 158 S.W.3d at 828. Rule 78.07(c) is clear that a motion to amend must be filed in order to preserve error in *all* cases in which failure to make statutorily required findings is raised.[5] A party simply must file both motions if he wants a

rehearing in front of a circuit judge but wishes to preserve his claims of error for appeal in the event that motion for rehearing is denied.[67]

■ Therefore, because Father did not file a motion to amend the judgment, his argument that the trial court failed to include statutorily required findings is not preserved. Thus our only review can be for plain error. According to Rule 84.13(c), we consider such errors only if we find "that manifest injustice or miscarriage of justice has resulted therefrom." Due to the circumstances of this case, and the fact that we consider the weight of the evidence in Father's point four, we do not find plain error in the trial court's failure to make all findings required by § 452.375.6. Point denied.

### *"Substantial" Change*

■ Father argues that the trial court erred in failing to use the word "substantial" in finding a change in circumstances sufficient to justify modification. Missouri

---

**3.** Rule 129.11 states "[u]pon request of any party or upon the judge's own motion, the judge may order a rehearing before the commissioner in any case or proceeding, with such directions to the commissioner as the judge may deem appropriate. . . ."

**4.** We also note that the very procedure in Rule 129.11 Father discusses is merely permissible—it is not a required response to any sort of motion. The rule also does not say that a judge may *only* order a rehearing in front of a commissioner in response to any one motion. It appears to us to be one of several options a judge may exercise if he or she feels it would be in the interest of judicial economy to do so.

**5.** Father's argument that Judge Zerr could not have amended the judgment because he did not hear any of the evidence in this case is unpersuasive. The same is true of any judge who has adopted the findings of a commissioner. Rule 78.07(c) makes no exception for this situation. The purpose of the rule is to put the trial court on notice that statutory

findings are absent. *See In re Holland*, 203 S.W.3d 295, 302 (Mo.Ct.App.E.D.2006). Judge Zerr could have observed this as easily as Judge Briscoe and ordered appropriate relief.

**6.** We note that it is not an uncommon occurrence for a party to file two motions (or a single motion containing both), never intending that both be granted, but rather listing one as an alternative in the event the other is denied. While the prescribed time limits necessitate the filing of such opposing motions simultaneously, that is simply the nature of the rules coupled with the uncertainty of which relief the court will grant. It does not mean that compliance with one rule precludes compliance with another.

**7.** This inquiry would be unnecessary if Mo. CONST. ART. V (1945) were interpreted as this writer set out in *In re B.T.*, 218 S.W.3d 575, 576 n. 1 (Mo.Ct.App.E.D.2007).

law does require that a substantial change take place. *Russell v. Russell,* 210 S.W.3d 191, 194 (Mo.2007). However, the requirement is that the party seeking to modify from joint custody to sole custody make a *showing* of substantial change, not that the trial court make a specific *finding* using that word. *See id.* We do not agree that a trial court errs if it finds substantial change but fails to use the word "substantial" to describe it. We find no cases requiring use of the word "substantial." In fact, many cases affirming modification orders do not use the word "substantial," but rather discuss the circumstances which can constitute changes "sufficient" to justify modification, as the trial court did here. *See, e.g., Meyer v. Block,* 123 S.W.3d 316, 324 (Mo.Ct.App.W.D.2003); *K.O.H. ex rel. Bax v. Huhn,* 69 S.W.3d 142, 145 (Mo.Ct. App.E.D.2002); *Hollins v. Hollins,* 13 S.W.3d 669, 672 (Mo.Ct.App.E.D.2000). In *Hollins,* we found that a "breakdown of parental communication and cooperation is sufficient, in and of itself, to constitute a change in circumstances." 13 S.W.3d at 672 (affirming modification). Here, the court found a breakdown in communication, and it found that this breakdown was sufficient to warrant modification. As long as there is substantial evidence to support this finding,[8] there is no error in the trial court's failure to use the word "substantial." Point denied.

### Inconsistency in the Judgment

█ Father's third point is that the trial court's judgment was inconsistent. He states that on the one hand, the court found that Kendra did not require education from a parochial school. The court then found Mother should have sole legal custody, which would result in Kendra's attendance at a parochial school. Father correctly relays the court's findings, but he misinterprets their meaning. First of all, a finding that Kendra does not need parochial education does not equate to a finding that Kendra should not receive it. Furthermore, that finding of the trial court is one the court had to make in order to determine whether to adjust Father's child support obligation. *See Goins v. Goins,* 224 S.W.3d 69, 71 (Mo.Ct.App.E.D.2007) (parent seeking additional child support for parochial school had to show that the child's educational needs required such schooling). The court made that finding in relation to ordering that Father's child support should not be increased to take into account tuition at a parochial school. The court's findings as to whether to modify custody came in a different paragraph and were unrelated to the court's findings concerning child support. The trial court's judgment was not inconsistent. Point denied.

### Weight of the Evidence

█ Father's final point is that it was against the weight of the evidence for the trial court to award sole legal custody to Mother. He argues that because the trial court found a breakdown of communication, the evidence showed Father should have received sole legal custody because Mother chose to change Kendra's school without consulting him in violation of the divorce decree. The trial court heard considerable evidence on the issue of the parents' communication with each other, and there was evidence on the record that both parents failed to consult the other on numerous occasions for various decisions affecting Kendra. Father argues that when joint custody becomes infeasible due to the actions of one parent, it is that parent that should lose custody. However, the cases Father cites do not deal with a set of parents who have each frustrated joint

8. We address this issue in our discussion of Father's fourth point, *infra.*

custody at various times. *See, e.g., S.I.E. v. J.M.,* 199 S.W.3d 808 (Mo.Ct.App.S.D.2006) (mother sought to frustrate father's ability to perform his function as father); *In re McIntire,* 33 S.W.3d 565 (Mo.Ct.App.W.D.2000) (father sought to inhibit the mother-child relationship and had used drugs since the original custody judgment).

Father argues alternatively that the parties should retain joint legal custody with Father having sole decisionmaking authority for Kendra's education. He points out that the guardian ad litem felt that the parents should retain joint legal custody, because he felt sole custody would further encourage bad parenting behaviors. Because we give great deference to the trial court, we do not find that the trial court's failure to follow the guardian's recommendation constitutes error requiring reversal. Because the court had in front of it evidence tending to show both parents were at fault at various times, it was not against the weight of the evidence for the trial court to award sole custody to Mother. Point denied.

### *Conclusion*

Rules 78.07(c) and 129.13 are not inconsistent, and thus a party seeking to have a case reheard in front of a circuit judge and to preserve errors of form in the judgment must file both a motion for rehearing and a motion to amend the judgment. Father's point concerning the trial court's failure to make statutorily required findings was not preserved because he did not file a motion to amend and his motion for rehearing did not suffice. The trial court did not need to use the word "substantial" to describe the change in circumstances sufficient to warrant modification, given that it did find a breakdown of communication which was supported by substantial evidence. The trial court's judgment was not inconsistent,

nor was it against the weight of the evidence.

AFFIRMED.

KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.