NO. 07-07-0481-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 20, 2008

_____


MICHELLE SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 4839; HONORABLE DAVID McCOY, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michelle Smith, appeals the trial court's order placing her on two years deferred adjudication for the offense of tampering with governmental record. Appellant presents one issue contending the trial court erred by refusing to grant her motion to

dismiss the indictment based on her assertion that the indictment failed to allege the commission of a crime. Disagreeing with Appellant's contention, we affirm.

**Background**

On June 29, 2005, Appellant was indicted for tampering with a governmental record pursuant to § 37.10 of the Texas Penal Code. The indictment charged Appellant, in pertinent part, as follows:

> Michelle Smith . . . did then and there knowingly make a false entry in a governmental record, to-wit: surety bond, said false entry being that the defendant has property in this State liable to execution worth forty thousand dollars.

The indictment was filed in the 100th District Court of Childress County, Texas. On January 16, 2007, Appellant filed a motion to dismiss the indictment for failure to allege the commission of a crime. At a hearing held on October 22, 2007, the trial court denied Appellant's motion and accepted her plea of no contest. As a condition of her plea, Appellant reserved her right to appeal the trial court's denial of her motion to dismiss. During her plea a *Stipulation as to Evidence* was filed wherein Appellant admitted that she presented two surety bonds to the Childress County Sheriff which contained her oath as surety, that she had non-exempt and unencumbered property in Texas worth forty thousand dollars, and that said statement was false.[1]

---

[1]Appellant further stipulated that she was married to the Childress County Sheriff at the time she presented the surety bonds in question.

## Discussion

### I.      Construction of Appellant's Issue

At the outset, we must attempt to construe the issue presented by Appellant. Appellant contends the trial court abused its discretion by refusing to grant her motion to dismiss based on her assertion that the State's indictment "failed to allege the commission of a crime." On the one hand, if we construe that issue as contending the indictment failed to allege the commission of a *felony*, then we must address certain jurisdictional issues, including the waiver of indictment defects. On the other hand, if we construe that issue as contending the indictment failed to allege the commission of any offense (i.e. *a crime*), then we are faced with a different set of considerations, i.e., whether Appellant would have been entitled to a directed verdict of acquittal under any construction of the indictment. Based upon a reading of the motion to dismiss, the arguments of counsel, and the relief requested, it is apparent that Appellant is contending that she is entitled to a dismissal of the indictment because the allegations contained in the indictment, even if true, failed to allege the commission of an offense. With this construction in mind, we will first address the issue of the trial court's subject-matter jurisdiction before addressing Appellant's contention that the indictment failed to allege the commission of an offense.

## II.    Jurisdiction of the Trial Court

Where, as here, the record itself raises a question as to the trial court's subject-matter jurisdiction, we must address that issue, *sua sponte,* before proceeding to any other issue.  *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), *overruled on other grounds, State v. Medrano,* 67 S.W.3d 892, 903 (Tex.Crim.App. 2002)(threshold issue of jurisdiction must be disposed of before addressing substantive issues because subject-matter jurisdiction cannot be conferred by agreement of the parties, but must be vested in a court by constitution or statute).  Where there is no jurisdiction, the power of the court to act is "as absent as if it did not exist"; *Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim.App. 1980) (quoting *Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Crim.App. 1964)), and any order or judgment entered by a court lacking jurisdiction is void.  *Nix v. State,* 65 S.W.3d 664, 668 (Tex.Crim.App. 2001); *Gallagher v. State,* 690 S.W.2d 587, 589 n.1 (Tex.Crim.App. 1985).

Under § 37.10 of the Penal Code, a person commits the offense of tampering with a governmental record if he or she "knowingly makes a false entry in, or false alteration of, a governmental record."  Tex. Penal Code Ann. § 37.10(a)(1) (Vernon Supp. 2007).[2]  Subsection (c)(1) classifies the above-quoted offense as a Class A misdemeanor.  However, the offense becomes a state jail felony if the actor's intent is to defraud or harm

_____

[2]For convenience, remaining citations to the Texas Penal Code will be referred to as "§ _____."

4

another, § 37.10(c)(1); and it becomes a third-degree felony if the governmental record was (1) a public school record, report or assessment instrument, or (2) license, permit, seal, title, letter of patent, or similar document issued by the government. *See* § 37.10(c)(2). Therefore, for a defendant to be charged and convicted of felony tampering with a governmental record, the State must additionally allege and prove that either the defendant intended to defraud or harm another, or the governmental record was of the type described.

It is well settled that a constitutionally sufficient indictment is essential to vest a district court with jurisdiction in a criminal case. *See* Tex. Const. art. V, § 12(b); *State v. Smith*, 957 S.W.2d 163, 165 (Tex.App.–Austin 1997, no pet.). The indictment in this case alleges that Appellant "knowingly [made] a false entry in a governmental record." The indictment does not allege that, when Appellant presented her surety bond and/or oath, she intended to defraud or harm another. Nor does the indictment allege the governmental record was of the type necessary to make the offense a third-degree felony. Although the caption of the indictment describes the punishment grade as "SJF Degree Felony," the caption is not a part of the indictment but mere surplusage. *Adams v. State,* 222 S.W.3d 37, 53 (Tex.App.–Austin 2005, pet. ref'd); *Thibodeaux v. State,* 628 S.W.2d 485, 487 (Tex.App.–Texarkana 1982, no pet.). *See* 23 Tex. Jur. 3d *Criminal Law* § 2650 (2001). Thus, we conclude the indictment in this case alleged a Class A misdemeanor offense of tampering with a governmental record. *See* § 37.10(a)(1).

District courts have subject-matter jurisdiction only over felonies, misdemeanors involving official misconduct, and misdemeanor cases transferred to the district court under article 4.17 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon 2005). In the instant case, the indictment does not allege a felony or other offense for which a district court has jurisdiction. Thus, on its face, the indictment fails to satisfy the constitutional requirement of subject-matter jurisdiction. *See Teal v. State,* 239 S.W.3d 172, 181 (Tex.Crim.App. 2007). However, our inquiry does not end there.

The presentment of an indictment, signed by the grand jury foreman and presented to the district court, which alleges that a person committed a misdemeanor offense vests the district court with jurisdiction if the allegations are clear enough that the accused can identify the offense alleged. *Id.* at 179-81. (indictment charging defendant with misdemeanor was sufficient to vest the district court with subject-matter jurisdiction where indictment was capable of being construed as intending to charge a felony or a misdemeanor for which the district court has jurisdiction). In *Teal* the indictment charged the defendant with hindering apprehension. The 9th Court of Appeals vacated the defendant's felony conviction after concluding that the district court lacked subject-matter jurisdiction because the indictment failed to allege the additional statutory conditions necessary to elevate the misdemeanor offense to a felony grade offense. Specifically, the indictment failed to allege that Teal had knowledge that the person harbored or assisted was facing arrest, charge, or had been convicted of a felony. After granting the State's petition for discretionary review, the Court of Criminal Appeals reversed the Court of

6

Appeals holding that an indictment, although defective for failing to allege the conditions that would elevate the offense to a felony, vests the district court with subject-matter jurisdiction if "it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Id.* at 181. The Court reasoned that the failure to allege the conditions necessary to elevate the offense to a felony were substantive defects, subject to waiver, that did not render the indictment "void." *Id.* at 178.

And that brings us back to our construction of Appellant's motion to dismiss. Having construed Appellant's motion to dismiss as a motion that did not object to a defect in the indictment (i.e., failure to allege a felony offense), we find that Appellant waived that objection. Tex. Code Crim. Proc. Ann. art. 1.14(b). Our conclusion is further supported by Appellant's representation during oral arguments that it was a conscious decision not to raise the misdemeanor versus felony argument.

## II. Failure to Allege the Commission of an Offense

Appellant contends that even if the entry alleged (the representation that "[Appellant had] property in this State liable to execution worth forty thousand dollars") were untrue, such entry would not constitute a false entry in a governmental record because the representation was not required by the Code of Criminal Procedure article governing the making of a surety bond. Alternatively, she argues that the entry could not have defrauded

or harmed the person to whom it was given, i.e., the Childress County Sheriff, because the sheriff knew it was false when made.

Appellant cites no authority supporting her contentions.  Without same, the issue is inadequately briefed and, therefore, waived.  *See* Tex. R. App. P. 38.1(h); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000).

### Conclusion

Appellant's issue is overruled and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.