In the Missouri Court of Appeals
 Western District

 DANIALLE LEA TAYLOR and SKYLER )
 JAMES FRANCIS, BY NEXT FRIEND )
 DANIALLE LEA TAYLOR, ) WD83122
 Appellant, )
 v. )
 ) FILED: March 30, 2021
 DUSTIN KEITH FRANCIS, )
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY
 THE HONORABLE KATHRYN E. DAVIS, JUDGE

 BEFORE DIVISION TWO: W. DOUGLAS THOMSON, PRESIDING JUDGE,
 LISA WHITE HARDWICK AND EDWARD R. ARDINI, JR., JUDGES

 Danialle Taylor (“Mother”) appeals from the judgment declaring paternity

and awarding custody, parenting time, and child support for the child she had

with Dustin Francis (“Father”). In Points I and IV, she contends that the court

erred by designating the custodial arrangement as joint physical custody because

she asserts that, based on each parent’s allotted parenting time, the judgment

effectively awarded sole physical custody to Father and visitation to her, which

she insists violates Missouri’s public policy and is contrary to the child’s best

interest. In Point II, Mother argues that the parenting plan is statutorily deficient

because it does not address several major holidays and school vacations.
Additionally, in Point III, she contends that the court erroneously applied the law

when it separated the child from his older half-brother without issuing sufficient

written findings stating why the separation is in the child’s best interest.

 For reasons explained herein, the judgment is reversed, in part, and the

case is remanded to the circuit court with instructions to amend its parenting plan

to address various holidays and school vacations that were overlooked as

asserted in Point II. Because the parenting plan will change on remand, we do not

reach the merits of Points I and IV. Lastly, we decline to exercise plain error

review of Mother’s Point III because the court’s written findings as a whole on all

of the best interest factors do not provide substantial grounds for believing that a

manifest injustice or miscarriage of justice occurred. Consequently, that portion

of the judgment is affirmed.

 FACTUAL AND PROCEDURAL HISTORY

 Mother and Father met in 2010 and became romantically involved. In 2013,

Mother and her son from a previous relationship moved into Father’s house in

Clay County. Mother and Father had a son, who was born on May 29, 2014.

Mother and Father ended their relationship in June 2015, and Mother moved into

her parents’ home in Pleasant Hill.

 Mother then moved to Overland Park, Kansas, because she wanted to live

far enough away from Father so that “he could not drive to [her] house in ten

minutes.” She also chose to move to Overland Park to live closer to her

 2
boyfriend. Mother’s home in Overland Park is approximately 40 minutes away

from Father’s home.

 Both Mother and Father are employed. Mother works as a registered nurse

at Research Medical Center in Kansas City. She works 12-hour shifts on a “three

days a week rotating schedule” pursuant to which her work days could fall either

on the weekend or during the week. Father is employed as an assistant store

manager at the Sears Outlet in Kansas City. Father works on Mondays,

Wednesdays, Thursdays, and Saturdays, and he adjusted his work schedule to

allow him to pick up the child daily between 3:00 and 3:30 p.m. on every work day

except Wednesdays, when he works until 9:00 p.m.

 Both Mother and Father use babysitters for the child when they are

working. Father lives near his parents, so they provide childcare for free and are

“more than willing” to continue to do so. Because Mother lives “far apart” from

Father, Father’s parents, and her family members, she pays nonfamily members

for childcare.

 Mother filed a petition for paternity, parenting plan, support, and

necessaries in November 2017. Father filed an answer and counterpetition for

declaration of the father/child relationship and an order of custody and support.

The case was tried before a family court commissioner in November 2018. In

April 2019, the commissioner entered findings and recommendations declaring

Father’s paternity, awarding joint legal custody and joint physical custody,

awarding child support, and ordering the parties to continue the parenting time as

 3
set forth in the parties’ temporary parenting plan until August 1, 2019, when the

child started kindergarten. The commissioner entered a new parenting plan to

take effect on August 1, 2019, which provided that the child would reside with

Mother for two overnights every week from 6:00 on the first night until 8:00 in the

morning after the second night. The commissioner noted that the days that

Mother exercises these overnights would vary based upon her work schedule. At

all other times, the child is to reside with Father, and Father’s address is to be

used for educational purposes. The parenting plan provided for each party to

have one week of uninterrupted parenting time with the child during the summer

and for the parties to alternate most holidays. The plan did not, however,

specifically assign parenting time for Martin Luther King Day, President’s Day, and

school vacations, including Thanksgiving break, winter break, spring break, and

other school holidays.

 Mother filed a motion for rehearing before the circuit court. After hearing

arguments on the motion, the court denied the motion for rehearing and adopted

and confirmed the commissioner’s findings and recommendations. Mother

appeals.

 STANDARD OF REVIEW

 As in any court-tried case, we review the judgment in a paternity action

under the standard set forth in Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976).

Clark ex rel. Clark v. Ingram, 380 S.W.3d 607, 608 (Mo. App. 2012). Accordingly,

we will affirm the circuit court’s judgment unless there is no substantial evidence

 4
to support it, it is against the weight of the evidence, or it erroneously declares or

applies the law. Murphy, 536 S.W.2d at 32.

 ANALYSIS

 Mother’s Points I and IV challenge the court’s custody award based upon

the amount of parenting time awarded to her. In Point I, Mother contends the

circuit court erred in designating the custodial arrangement as “joint physical

custody” because she asserts that, based on each parent’s allotted parenting time,

the judgment effectively awarded sole physical custody to Father and visitation to

her. In Point IV, Mother argues that the parenting time awarded to her violates

Missouri’s public policy and is contrary to the child’s best interest. Because

Mother’s Point II is dispositive of both Points I and IV, however, we will address

Point II first.

 In Point II, Mother contends the circuit court’s parenting plan is statutorily

deficient because it fails to address several major holidays and school vacations.

Section 452.375.91 requires that custody judgments include a written parenting

plan that sets forth the terms specified in Section 452.310.8. Section

452.310.8(1)(a), (b), and (d) require that the written schedule in the parenting plan

detail the custody, visitation, and residential time for “[m]ajor holidays stating

which holidays a party has each year,” “[s]chool holidays for school-age

children,” and “how the winter, spring, summer and other vacations from school

1
 All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2020
Cumulative Supplement.

 5
will be spent.” The parenting plan in this case does not address Martin Luther

King Day or President’s Day, both of which are school holidays specifically

mentioned in the Missouri Supreme Court’s Parenting Plan Guidelines, and it does

not address other school holidays, such as parent-teacher conference days and

teacher workdays, or several school vacations, including Thanksgiving break,

winter break, and spring break.

 The circuit court “is not free to disregard any of the enumerated events” in

Section 452.310.8. Wennihan v. Wennihan, 452 S.W.3d 723, 737 (Mo. App. 2015).

This is because “[a] parenting plan that complies with section 452.310.8 is

required to prevent courts from being clogged with minor custody and visitation

disputes.” Fessler v. McGovern, 524 S.W.3d 208, 215 (Mo. App. 2017) (quoting

Alred v. Alred, 291 S.W.3d 328, 335-36 (Mo. App. 2009)). “The failure to account

for such holidays in the parenting plan constitutes reversible error.” Wennihan,

452 S.W.3d at 737.

 Therefore, we reverse the judgment, in part, and remand the case to the

circuit court to modify its parenting plan to assign custody, visitation, and

residential time for the child on all major holidays, school holidays, and vacation

periods. See id. Point II is granted. Because the parenting plan will change on

remand, Mother’s Points I and IV are moot and need not be addressed. See Olson

v. Olson, 559 S.W.3d 395, 399 (Mo. App. 2018).

 In Point III, Mother contends the circuit court erred in “separating” the child

from his half-brother without making statutorily required written findings

 6
explaining why separating the half-siblings is in the child’s best interest. The

court made written findings on each of Section 452.375.2’s best interest factors.

With regard to factor (3), “[t]he interaction and interrelationship of the child with

parents, siblings, and any other person who may significantly affect the child’s

best interests,” the court found that Mother “has another child that lives primarily

with her”; that “the child has a very close relationship with [Father]’s parents“;

and that “[Father]’s mother cares for the child routinely while [Father] is at work.”

The court then found that “[t]here is no reason a parenting plan entered herein

will, or should, deprive the child of continuing a relationship with any of these

individuals” and, therefore, this factor favored neither party. Mother argues that

this finding is insufficient and does not meet Section 452.375.6’s requirement that

the judgment “include a written finding based on . . . each of the factors listed in

subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant

factors that made a particular arrangement in the best interest of the child.” She

asserts that, in addition to violating the statute, the court’s failure to make

sufficient findings on this issue precludes meaningful appellate review.

 A claim that the court failed to make sufficient statutorily required findings

“must be raised in a motion to amend the judgment in order to be preserved for

appellate review.” Rule 78.07(c). Mother did not file a Rule 78.07(c) motion.

While she notes that she raised the sufficiency of the family court commissioner’s

findings in her motion for rehearing before a judge, her motion for rehearing

 7
before a judge2 requested only that specific relief and was “neither a motion to

amend that was unintentionally misnamed, nor a functionally equivalent motion

with a different name.” Southard v. Southard, 239 S.W.3d 172, 175 (Mo. App.

2007).3 “A party simply must file both [a motion for rehearing before a judge and

a Rule 78.07(c) motion to amend] if [s]he wants a rehearing in front of a circuit

judge but wishes to preserve [her] claims of error for appeal in the event that

motion for rehearing is denied.” Id. at 176.

 Because Mother failed to file a motion to amend the judgment, her

argument that the circuit court did not make sufficient statutorily required findings

is not preserved. Our review, therefore, is for only plain error. Id. Rule 84.13(c)

gives us discretion to review plain errors if we find “that manifest injustice or

miscarriage of justice has resulted therefrom.” We rarely grant plain error review

in civil cases. Ferkel v. Ferkel, 434 S.W.3d 108, 110 (Mo. App. 2014). We will

review “for plain error only if there are substantial grounds for believing that the

trial court committed error that is evident, obvious and clear and where the error

resulted in manifest injustice or miscarriage of justice.” Mayes v. St. Luke’s Hosp.

of Kansas City, 430 S.W.3d 260, 269 (Mo. banc 2014) (internal quotation marks and

citation omitted). Based upon the court’s findings as a whole on all of the best

interest factors, there are not substantial grounds for believing that the court’s

findings on factor (3) constituted evident, obvious, and clear error that resulted in

2
 Both Section 487.030.2 and Rule 130.13 provide for a party to a cause of action heard by a
commissioner to file a motion for rehearing by a judge.

3
 Southard cited Rule 129.13, which was Rule 130.13’s predecessor.
 8
manifest injustice or miscarriage of justice; therefore, we decline to exercise plain

error review. Point III is denied.

 CONCLUSION

 The judgment is reversed, in part, and the case is remanded to the circuit

court to modify its parenting plan to assign custody, visitation, and residential

time for the child on all major holidays, school holidays, and vacation periods.

Because the parenting plan will change on remand, Mother’s allegations of error

in this appeal concerning the joint physical custody designation and the parenting

time awarded to her are moot. Finally, we decline to exercise plain error review of

Mother’s claim that the court’s findings on factor (3) of Section 452.375.2 are

insufficient because the court’s written findings as a whole on all of the best

interest factors do not provide substantial grounds for believing that a manifest

injustice or miscarriage of justice occurred. Therefore, that portion of the

judgment is affirmed.

 ____________________________________
 Lisa White Hardwick, Judge
All Concur.

 9